■ BARCLAYS BANK OF NEW YORK, N. A., Respondent, v MARSHALL D. SOKOL et al., Defendants, and PHYLLIS K. SOKOL, Appellant.—In an action to foreclose a mortgage, the defendant Phyllis K. Sokol appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 3, 1985, which, upon granting the plaintiff's motion for summary judgment on its complaint and dismissing her first and second counterclaims, appointed a Referee to compute the amounts due on the mortgage.

Ordered that the order is affirmed, without costs or disbursements.

On July 10, 1981, the appellant Phyllis K. Sokol and her husband Marshall D. Sokol duly executed and delivered to the plaintiff Barclays Bank, as security for a business loan, a second mortgage on the Sokol family residence securing the $60,000 note of Marshall D. Sokol Associates, Inc., for whose benefit the loan proceeds were intended. Sometime thereafter, however, the loan lapsed into default. The plaintiff thereupon sought to foreclose upon the mortgaged premises, then occupied by the appellant, who had previously separated from her husband Marshall, the principal of Marshall D. Sokol Associates, Inc. In opposition to the plaintiff's motion for summary judgment, the appellant's principal defense was the contention that her execution of the mortgage instrument had been procured by the fraud of her husband and a former bank officer involved with the loan, both of whom, it was alleged, represented to her, *inter alia,* that the condition of the business was excellent when, in fact, it was poor. According to the appellant, she would not have signed the mortgage had she known the truth about the financial condition of the business. Special Term granted the plaintiff summary judgment concluding, *inter alia,* that no genuine issues of fact existed with respect to the appellant's contention that she had been fraudulently induced to execute the subject mortgage by the former bank officer involved. We agreed.

It is well settled that "on a motion for summary judgment, the court must determine whether the factual issues presented are genuine or unsubstantiated" *(Columbus Trust Co. v*

*Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Moreover, " '[i]f the issue claimed to exist is not "genuine but feigned, and * * * there is in truth nothing to be tried" summary judgment is properly granted' " *(Columbus Trust Co. v Campolo, supra,* quoting from *Rubin v Irving Trust Co.,* 305 NY 288, 306). Conclusory assertions will not suffice to defeat a motion for summary judgment *(see, Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). It is the general rule, furthermore, that the "signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract" *(Columbus Trust Co. v Campolo, supra,* at 617).

At bar, the appellant has failed to come forward with evidence substantiating her contention that the plaintiff fraudulently induced her to execute the subject mortgage. Her references to the alleged misrepresentations of the bank's former loan officer, who left the plaintiff's employ more than two months before the mortgage was executed, are conclusory and unsubstantiated by probative evidentiary facts and are thus insufficient to create a genuine triable issue necessary to defeat a motion for summary judgment.

We have reviewed the appellant's remaining contentions and find them to be without merit. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.