■ COLNAGHI, U.S.A., LTD., et al., Respondents, v JEWELERS PROTECTION SERVICES, LTD., Appellant, et al., Defendant. (Action No. 1.) UMBERTO MELINA, Plaintiff, v COLNAGHI, U.S.A., LTD., et al., Defendants. COLNAGHI, U.S.A., LTD., Third-Party Plaintiff-Respondent, v JEWELERS PROTECTION SERVICES, LTD., Third-Party Defendant-Appellant. (Action No. 2.)—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered February 5, 1991, which denied the motion by Jewelers Protection Services, Ltd. ("JPS") for summary judgment dismissing the complaints against it, unanimously modified, on the law, the motion is granted to the extent of dismissing the complaint of Umberto Melina against JPS in action no. 2, and as so modified, affirmed, without costs.

Jewelers Protection Services, Ltd. entered into an agreement with Colnaghi, U.S.A., Ltd. to install, maintain and monitor two burglar alarm systems in the Colnaghi Art Gallery located at 26 East 80th Street in Manhattan. The contract contains provisions absolving JPS of liability for its negligence, and limiting JPS's liability to $250 in any event resulting from breach of the contract. On February 8, 1988, burglars entered the Colnaghi Art Gallery through an unprotected skylight and stole 20 paintings, including two owned by plaintiff Umberto Melina and consigned to Colnaghi for sale, allegedly valued at $2,600,000.

In action no. 1, Colnaghi and George Albert Greenwood

---

* *See also,* Arrests of Youth 1990, OJJDP Update on Statistics (Juvenile Justice Bull of US Dept of Justice [Jan. 1992]).

(insurance subrogee of Colnaghi) seek $10,000,000 in damages based on JPS's allegedly grossly negligent breach of the security system agreement. In action no. 2, Melina seeks $2,600,000 in damages from Colnaghi (alleging ordinary and gross negligence as bailee) and from JPS (alleging grossly negligent breach of JPS's agreement with Colnaghi). In the third-party action appended to action no. 2, Colnaghi seeks indemnification and/or contribution from JPS in the event Colnaghi is found liable to plaintiff Melina for loss of the consigned paintings.

JPS moved for summary judgment dismissing both complaints and the third-party complaint on the ground that no issue of fact was presented as to its alleged gross negligence, and that Melina was not a third-party beneficiary of the contract between Colnaghi and JPS. The IAS court denied the motion in its entirety.

Summary judgment as against Colnaghi in action no. 1 was correctly denied. While a security alarm company may contractually exonerate itself from liability for damages resulting from its ordinary negligence, it may not do so with respect to its gross negligence *(Hanover Ins. Co. v D & W Cent. St. Alarm Co.,* 164 AD2d 112). Colnaghi submitted in opposition to the summary judgment motion an affidavit from an alarm expert who stated that the failure of JPS to provide any protection to the skylight created a "major vulnerability" in the alarm system at "one of the most likely points of entry for burglars", and was "far below professional standards and customary practice in the industry." This was sufficient to raise a factual issue as to JPS's gross negligence which must be determined by a jury *(Gentile v Garden City Alarm Co.,* 147 AD2d 124, 131).

With respect to Melina's complaint in action no. 2 against JPS, we hold as a matter of law that Melina was merely an incidental beneficiary of the contract, and not a third-party beneficiary entitled to sue directly for breach of the contract *(World Trade Knitting Mills v Lido Knitting Mills,* 154 AD2d 99, 103-104). Moreover, the Court of Appeals has recently held that in situations such as those presented herein, there are compelling policy reasons for excluding a person in Melina's position from the orbit of duty assumed by the installer of an alarm system *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226-227).

With respect to Colnaghi's third-party action seeking indemnification and/or contribution from JPS if Melina is successful

in his action against Colnaghi, summary judgment was properly denied. However, the third-party claim will be subject to the limitation of liability clause in the installation and service agreement unless the jury finds that Colnaghi's liability to Melina is the result of JPS's gross negligence in the installation of the alarm system, as opposed to ordinary negligence. Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.