OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment granted, and the certified question answered in the negative.
 

 Before moving to a new location, plaintiff, a fur dealer, contracted with defendant to design, install and monitor a burglar alarm system. In December 1986, several weeks after
 
 *1029
 
 plaintiff occupied its new premises, furs worth about $300,000 were stolen in a nighttime burglary, but the alarm did not sound. In plaintiff’s action for negligence and breach of contract, defendant sought summary judgment on the basis of contractual exculpatory and limitation of liability clauses, but plaintiff claimed that those clauses are unenforceable because defendant was grossly negligent.
 

 Plaintiff’s assertion of gross negligence is based on its expert’s opinion that there should have been two motion detectors, instead of one, on each level; a shock sensor should have been installed; defendant should have ascertained how the inventory would be arranged; and a post-occupancy inspection should have been undertaken. Taken together, these allegations do not raise an issue of fact whether defendant performed its duties with reckless indifference to plaintiff’s rights, and thus the contractual exculpatory and limitation of liability clauses are enforceable
 
 (see, Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 554 [decided today]).
 

 Chief Judge Wachtler and Judges Kaye, Hancock, Jr., Bellacosa and Yesawich, Jr.,
 
 *
 
 concur in memorandum; Judges Simons and Titone taking no part.
 

 Order reversed, etc.
 

 *
 

 Designated pursuant to NY Constitution, article VI, § 2.