OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment dismissing the complaint and the third-party complaint granted, and the certified question answered in the negative.
 

 Jewelers Protection Services, Ltd. (Jewelers), an alarm company, contracted with Colnaghi, U.S.A., Ltd. (Colnaghi), an art gallery, to install, maintain and monitor two burglar alarm systems at Colnaghi’s Manhattan premises. On February 8, 1988, burglars broke into the gallery through an unprotected skylight and stole 20 paintings, including two owned by Umberto Melina that had been consigned to Colnaghi for sale.
 

 Colnaghi and its insurer commenced an action against
 
 *823
 
 Jewelers sounding in tort and breach of contract, seeking $10,000,000 in damages. Similarly, in a separate action, Melina sued Colnaghi and Jewelers. Finally, in the latter case, Colnaghi sought contribution against Jewelers in the event it was found liable to Melina.
 

 Jewelers moved for summary judgment dismissing both complaints and Colnaghi’s contribution claim, relying in part on clauses in its subscriber agreement exonerating it from liability for negligence. Supreme Court denied the motions in their entirety, finding an issue of fact on gross negligence that would, in the court’s view, vitiate the contractual exoneration provisions.
 

 The Appellate Division modified by dismissing Melina’s action against Jeweler’s, holding that Jeweler’s had no duty to the consignor. (Melina has not appealed from that determination and it is therefore not before us.) The Appellate Division, however, agreed with Supreme Court that Colnaghi raised a triable issue of fact on gross negligence, inasmuch as the gallery’s alarm expert asserted, in an affidavit, that the alarm company’s failure to provide any protection to the skylight created a "major vulnerability” in the alarm system at a likely burglar entry point, rendering the system "far below professional standards and customary practice in the industry.” (183 AD2d 469, 470.) We reverse and grant Jeweler’s motions for summary judgment.
 

 We note at the outset that, like the parties in
 
 Gutter Furs v Jewelers Protection Servs.
 
 (79 NY2d 1027), the issue as framed by the litigants is whether there is a triable issue of fact on gross negligence. No argument is presented here that plaintiff’s remedies are limited to breach of contract and that no tort action lies at all
 
 (compare, Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 550-553).
 

 New York law generally enforces contractual provisions absolving a party from its own negligence
 
 (Sommer v Federal Signal Corp., 79
 
 NY2d, at 553,
 
 supra; see, Melodee Lane Lingerie Co. v American Dist. Tel. Co.,
 
 18 NY2d 57, 69;
 
 Ciofalo v Vic Tanney Gyms,
 
 10 NY2d 294, 297-298). Public policy, however, forbids a party’s attempt to escape liability, through a contractual clause, for damages occasioned by "grossly negligent conduct”
 
 (Sommer v Federal Signal Corp., 79
 
 NY2d, at 554,
 
 supra).
 
 Used in this context, "gross negligence” differs in kind, not only degree, from claims of ordinary negligence. It is conduct that evinces a reckless disregard for the rights of
 
 *824
 
 others or "smacks” of intentional wrongdoing
 
 (Sommer v Federal Signal Corp.,
 
 79 NY2d, at 554,
 
 supra).
 

 Colnaghi’s allegations do not meet this standard. The failure to wire a skylight, while perhaps suggestive of negligence or even "gross negligence” as used elsewhere, does not evince the recklessness necessary to abrogate Colnaghi’s agreement to absolve Jeweler’s from negligence claims
 
 (see, Gutter Furs v Jewelers Protection Servs.,
 
 79 NY2d 1027, 1029,
 
 supra
 
 [expert’s opinion that alarm company should have installed a second motion detector and a shock sensor, ascertained how inventory was to be arranged and conducted a postoccupancy inspection, taken together, raises no issue of fact on reckless indifference];
 
 compare, Sommer v Federal Signal Corp.,
 
 79 NY2d, at 555,
 
 supra).
 

 Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.