■ In the Matter of the Claim of AGHA S. RUKH, Respondent. BATTERY CITY CAR & LIMOUSINE SERVICE, INC., Respondent; JOHN F. HUDACS, as Commissioner of Labor, Appellant. [617 NYS2d 547] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 1993, which ruled that Battery City Car & Limousine Service, Inc. was not liable for unemployment insurance contributions based on earnings paid to claimant.

Battery City Car & Limousine Service, Inc. (hereinafter Battery City) is a franchisor offering franchises that authorize the franchisee to operate radio dispatched-for-hire vehicles to transport passengers who request such service from Battery City. Lloyds Livery, Ltd. purchased such a franchise and, thereafter, as a franchisee, leased its car and two-way radio to claimant, who eventually sought unemployment insurance benefits. The Commissioner of Labor held that there was an employer/employee relationship between Battery City and claimant, thereby making Battery City liable for unemployment insurance contributions. On appeal, the Administrative Law Judge (hereinafter ALJ) overruled the Commissioner's

determination, finding that such a relationship did not exist. The Unemployment Insurance Appeal Board affirmed the ALJ's decision giving rise to this appeal by the Commissioner.

If supported by substantial evidence, the Board's decision must be affirmed, even if there is evidence which could support a contrary conclusion (see, Matter of Lafayette Stor. & Moving Corp. [Hudacs], 197 AD2d 742, lv denied 83 NY2d 758). Here, the question of whether there was an employer/employee relationship between claimant and Battery City depends upon whether Battery City exercised control over the results produced or the means to achieve the results (see, Matter of Rivera [State Line Delivery Serv.—Roberts], 69 NY2d 679, 682, cert denied 481 US 1049).

The testimony and documentary evidence shows that Battery City maintains a two-way radio dispatch base and furnishes its franchisees with a two-way radio. When Battery City receives a transportation request from a customer, it broadcasts the request over the two-way radio system. A franchisee is not required to accept a request, but once accepted a request cannot be turned down. At the trip's destination, the customer signs a voucher for the fare. The franchisee submits the voucher to Battery City which pays the franchisee 85% of the amount of the voucher and assumes full responsibility for collecting payment.

A franchisee is obligated to purchase and maintain a suitable vehicle and to attend a mandatory training program. In addition, to protect Battery City's reputation and good will and to maintain uniform standards of operation, a franchisee is required to conduct its business in accordance with the rules set forth in a handbook issued by Battery City. Aside from these obligations, franchisees have considerable latitude in the operation of their franchise. For instance, they are free to select the hours they wish to work, are not restricted to a particular territory and are essentially free to compete with Battery City. Moreover, they may designate another person to operate their vehicle or, as here, lease the car and equipment to a lessee of their own choosing under whatever arrangements can be made.

Based upon this record, we find there is substantial evidence to support the Board's conclusion that Battery City only exercised incidental control over the services performed and thus it follows that claimant, as a lessee of Lloyds Livery, Ltd., was not an employee of Battery City (see, Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett], 173 AD2d 1036, lv denied 78 NY2d 857).

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, with costs.