■ HARTFORD INSURANCE COMPANY, as Subrogee of HERBERT LIBERSON, Doing Business as RONIN GALLERY, LTD., et al., Respondents, v HOLMES PROTECTION GROUP, Doing Business as JEWELERS PROTECTION SERVICES, LTD., et al., Appellants. [673 NYS2d 132] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 9, 1997, which, to the extent appealed from, denied defendants' motion for summary judgment with respect to plaintiffs' claim for loss based on gross negligence, unanimously reversed, on the law, without costs, and summary judgment granted to defendants.

Defendants Holmes Protection Group, doing business as Jewelers Protection Services, Ltd. and/or Holmes Protection of New York (Holmes or defendants) contracted to provide security services for plaintiff Ronin Gallery, located at 605 Madison Avenue. Holmes installed the burglar alarm system and was responsible for responding to the alarm when triggered. Holmes security guards were supposed to arrive at the premises within 15 minutes from receipt of the alarm signal. The contract contained a clause relieving Holmes of liability for ordinary negligence, such that if the Gallery sustained losses from a burglary due to Holmes' negligence, Holmes' liability was limited to the lesser of $250 or six times the monthly service charge.

The Gallery was burglarized on two occasions. Each time, Holmes security personnel did not fulfill their obligation to arrive within 15 minutes, but instead arrived after the burglars had left. (However, given that the alarm system's motion detectors indicated that the burglars came and went within five

minutes each time, it was unclear whether even a 15-minute response time would have prevented the losses.)

On December 29, 1989, Holmes received alarm signals from the Gallery from 8:46 A.M. to 8:52 A.M. Holmes processed a guard request at 8:51 A.M., but all guards were in the field responding to other alarms. The first available guard returned to Holmes' office to pick up the Gallery's keys and was en route by 9:07 A.M. Arriving at 9:28 A.M., he found that the burglars had left. Neither the police nor the Gallery owners had been contacted when the alarm was first received. Because of the large number of false alarms at this time of day, the normal opening and arrival time at business locations, Holmes' policy was for its guards to confirm that an unauthorized entry took place before notifying the police.

On January 11, 1990, Holmes received an alarm signal at 8:55 A.M. and requested a guard at 8:56 A.M. However, since one of the trucks on that shift returned late from an alarm on the prior shift, a guard was first dispatched at 9:35 A.M. Again, the police and the subscriber were not contacted at once, for the reasons mentioned above.

The total loss from the two burglaries was $638,443.54, of which Ronin Gallery paid $50,000 as an insurance policy deductible. The Gallery's insurer, Hartford Insurance Company, paid the remainder. The Gallery, and Hartford as subrogee (collectively plaintiffs), commenced this action against Holmes to recover their losses, based on a theory of gross negligence. Holmes moved for summary judgment, arguing that its late response to the two alarms constituted, at worst, ordinary negligence, for which the exculpatory clause relieved it of liability. We hold that the motion court erred in denying Holmes' motion.

A contractual provision absolving a party of liability for ordinary negligence is generally enforceable (*Nuri Farhardi, Inc. v Albany Ins. Co.*, 137 AD2d 429, 431), but public policy forbids a contractual waiver of liability for *gross* negligence (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823). Gross negligence is "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*supra,* at 823-824). In *Colnaghi,* the Court of Appeals held that the security company's failure to wire a skylight, which allowed burglars to enter and rob the art gallery, may have been negligent but did not "evince the recklessness necessary to abrogate [the subscriber's] agreement to absolve [the security service] from negligence claims" (*supra,* at 824).

Delayed or inadequate response to an alarm signal, without more, is not gross negligence. This Court held in *Consumers Distrib. Co. v Baker Protective Servs.* (202 AD2d 327, *lv denied* 84 NY2d 811) that "the failure of defendant's employee on two occasions to respond to a signal indicating a possible burglary despite hourly noise reminders, while clearly ordinary negligence, was not gross negligence," and thus the defendant was entitled to summary judgment based on the contractual limitation on liability for ordinary negligence. In *Sanif, Inc. v Iannotti* (119 AD2d 654), an exculpatory clause nearly identical to the one herein relieved the security company of liability for its alleged failure to monitor and report an alarm signal indicating an illegal entry. The same result was reached in *Dubovsky & Sons v Honeywell, Inc.* (89 AD2d 993 [failure to send competent person to ascertain cause of alarm signal]) and *Advance Burglar Alarm Sys. v D'Auria* (110 AD2d 860 [failure to provide timely guard response to signal]).

By contrast, a triable issue of "gross negligence" is not typically found absent more outrageous acts of folly, such as giving out the security code for the store's alarm system over the phone at 4:00 A.M. to burglars who gave a false name (*Green v Holmes Protection*, 216 AD2d 178, 179). Similarly, in *Hanover Ins. Co. v D & W Cent. Sta. Alarm Co.* (164 AD2d 112, 115), we found that issues of fact as to gross negligence were raised by the security company's instructing its guard to " 'forget the assignment' " when he had difficulty getting into the building, coupled with its failure to notify the police upon receiving four alarm signals from the subscriber's premises in three hours. Unlike the conduct of the defendants in these cases, Holmes' actions herein were based on a plausible policy regarding false alarms, though made riskier by possibly negligent understaffing.

Accordingly, summary judgment should have been granted to defendants. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.