■ APHRODITE JEWELRY, INC., Respondent, v D&W CENTRAL STATION ALARM CO., INC., Appellant. [681 NYS2d 305] —In an action, inter alia, to recover damages for negligence and breach of contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated April 29, 1998, as, in effect, denied that branch of its motion which was for summary judgment dismissing the first, second, fourth, fifth, seventh, eighth, and ninth causes of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the first, second,

fourth, fifth, seventh, eighth, and ninth causes of action asserted in the complaint is granted, and the complaint is dismissed.

The plaintiff owns and operates a retail jewelry business. The defendant D&W Central Station Alarm Co., Inc. (hereinafter D&W), owns and operates a certified central station alarm company, and contracted to install, service, and monitor a burglar alarm system on the plaintiff's premises. The plaintiff commenced the instant action against D&W to recover damages it allegedly suffered as a result of two burglaries which occurred during the term of its contract with D&W. The causes of action asserted in the complaint alleged, *inter alia*, gross negligence, breach of warranty, and breach of contract.

D&W moved for summary judgment dismissing the complaint on the ground, *inter alia*, that certain provisions of the contract exempted it from liability for its own negligence and for breach of contract. The Supreme Court, in effect, granted D&W's motion as to the third and sixth causes of action, and denied the motion with respect to the other causes of action asserted in the complaint.

Although contractual provisions absolving a party from its own negligence generally will be enforced, such clauses will not be enforced to exempt a party from liability for its gross negligence (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821, 823-824). "Used in this context, 'gross negligence' differs in kind, not only degree, from claims of ordinary negligence. It is conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs., supra,* at 823-824, quoting *Sommer v Federal Signal Corp.,* 79 NY2d 540, 554). In the instant case, the plaintiff did not allege conduct by D&W which rises to the level of gross negligence, and the causes of action sounding in tort are barred by the provision of the contract which absolves D&W from its own negligence (*see, Colnaghi, U.S.A. v Jewelers Protection Servs., supra; Gutter Furs v Jewelers Protection Servs.,* 79 NY2d 1027, 1029; *Hartford Ins. Co. v Holmes Protection Group,* 250 AD2d 526; *Guston Furs v Comet Realty Corp.,* 225 AD2d 417).

Similarly, the plaintiff's causes of action alleging breach of contract and breach of warranty are specifically barred by the exculpatory clause of the contract between the parties (*see, Sue & Sam Mfg. Co. v United Protective Alarm Sys.,* 119 AD2d 664).

We do not address D&W's assertion that it was entitled to

summary judgment on its counterclaim. D&W's notice of appeal expressly limited the appeal to "that part of the order which denied [its] motion for summary judgment dismissing the complaint" (*see, Watts v Town of Gardiner,* 90 AD2d 615, 616). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.