◼ NINACCI DIAMOND & JEWELRY COMPANY et al., Appellants, v MILLER FREEMAN, INC., et al., Respondents. MILLER FREEMAN, INC., Third-Party Plaintiff-Respondent, v RAV INVESTIGATIVE SERVICES, INC., et al., Third-Party Defendants, and EXHIBITION SERVICE AND RENTALS, INC., Third-Party Defendant-Respondent. RAV INVESTIGATIVE AND SECURITY SERVICES, LTD., Sued Herein as RAV INVESTIGATIVE SERVICES, INC., Fourth-Party Plaintiff, v NEW YORK CONVENTION CENTER OPERATING CORPORATION et al., Fourth-Party Defendants-Respondents. [722 NYS2d 519] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about September 24, 1999, which, *inter alia*, granted the motion of defendant Miller Freeman, Inc. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

While Miller Freeman's failings in securing plaintiffs' valuables at the trade show may be indicative of negligence, they do not evince the recklessness necessary to abrogate the exculpatory clause in the parties' agreement (*see Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824; *David Gutter Furs v Jewelers Protection Servs.*, 79 NY2d 1027; *Hartford Ins. Co. v Holmes Protection Group*, 250 AD2d 526, 528). Nor have plaintiffs raised any triable issue as to whether they were defrauded by Miller Freeman. No evidence has been presented that Miller Freeman intended to defraud plaintiffs and plaintiffs could not have reasonably relied upon Miller Freeman's purported misrepresentation respecting overnight security, namely, its posting of a security guard to receive items to be held at the overnight storage facility. Given the value of the items stored, which had been delivered to the trade show under armed guard, ordinary prudence should have prompted plaintiffs to inquire specifically as to the measures taken to secure the overnight storage room (*see, Stuart Silver Assocs. v Baco Dev. Corp.*, 245 AD2d 96). Concur—Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.