■ Moon Choung et al., Respondents, v Allstate Insurance Company, Appellant. [724 NYS2d 882] —In an action for a judgment declaring that the limit of liability coverage available under the defendant's insurance policy for the infant plaintiff's injuries is $350,000, the defendant appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated April 20, 2000, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment declaring that the limit of liability coverage available is only $250,000.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the limit of liability coverage available under the defendant's insurance policy for the infant plaintiff's injuries is $250,000.

A party who executes a contract is presumed to know its contents and to assent to them (*see, Metzger v Aetna Ins. Co.*, 227 NY 411; *Renee Knitwear Corp. v ADT Sec. Sys.*, 277 AD2d

215; *Ciaramella v State Farm Ins. Co.,* 273 AD2d 831). The defendant established, prima facie, that the second insurance policy submitted during the course of litigation was in effect at the time of the accident, and that the provision addressing the limit of liability coverage unambiguously set forth a limit of $250,000 per individual per incident (*see, Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321). The plaintiff Moon Choung failed to raise a triable issue of fact as to whether he assented to that provision (*see, Metzger v Aetna Ins. Co., supra*). Therefore, the Supreme Court should have granted the defendant's cross motion for summary judgment declaring that the limit of liability coverage available under its insurance policy for the infant plaintiff's injuries is $250,000 (*see, Matter of Mostow v State Farm Ins. Cos., supra*). The matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment making that declaration (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.