■ In the Matter of the Claim of JERZY JARZABEK, Appellant. CAREY LIMOUSINE, NEW YORK, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [738 NYS2d 742] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 2001, which ruled that claimant was ineligible to receive unemployment insurance benefits because he had no covered base period employment.

Claimant, a limousine driver, was a franchisee of Carey Limousine, New York, Inc. until the relationship was terminated based upon claimant's breach of the franchise agreement. Under the terms of the agreement, claimant was required to own or lease his own vehicle, he was responsible for its repair, maintenance and insurance, and he was required to purchase a two-way radio, beeper and telephone. He set his own schedule, could refuse an assignment, could hire others to drive his vehicle if they met minimum standards and could sell the franchise. In ruling him ineligible for unemployment insurance benefits, the Unemployment Insurance Appeal Board found that claimant was an independent contractor and not an employee. Claimant appeals.

Despite the exercise of incidental control essential to Carey's conduct of its business, there is substantial evidence to support the Board's conclusion that the business relationship between claimant and Carey allowed him to operate independently and that he was not an employee (*see, Matter of Rukh [Battery City Car & Limousine Serv.—Hudacs]*, 208 AD2d 1105; *Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett]*, 173 AD2d 1036, *lv denied* 78 NY2d 857). The existence of evidence in the record which could have supported a contrary conclusion provides no basis to disturb the Board's decision (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521). Claimant's allegations regarding the validity of certain written agreements are irrelevant, for the question of whether he was an employee is a factual one which depended upon whether Carey exercised control over the results produced or the means to achieve the results (*see, Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049), an issue the Board determined by examining the terms under which claimant actually worked during the relevant period. We have considered claimant's remaining arguments and find them without merit.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.