■ KATHLEEN HOLCOMB, Appellant, v TWR EXPRESS, INC., Respondent, et al., Defendant. [782 NYS2d 840]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Leibowitz, J.), dated August 25, 2003, as granted the motion of the defendant TWR Express, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 5, 2001, the plaintiff was a passenger in a livery vehicle owned and operated by the defendant Lin Zhang (hereinafter Zhang) on the Gowanus Expressway in Brooklyn. Zhang lost control of the vehicle, and it struck a brick wall. The plaintiff subsequently commenced this action asserting that Zhang, while allegedly in the employ of the defendant TWR Express, Inc. (hereinafter TWR), negligently operated the vehicle, thereby causing the accident.

Contrary to the plaintiff's contention, the Supreme Court correctly dismissed the complaint insofar as asserted against TWR, determining that Zhang was an independent contractor and not its employee. In accordance with a 1999 agreement TWR entered into with its franchisee, Chua Hock Yong (hereinafter Yong), and a 2001 "Franchisee Additional Driver Agreement" Yong and Zhang subsequently executed, TWR exercised only incidental control over the performance of Zhang's work. That limited involvement was insufficient to create an employment relationship (*see Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]; *Irrutia v Terrero*, 227 AD2d 380, 381 [1996]; *see also Matter of Jarzabek [Carey Limousine, N.Y.—Commissioner of Labor]*, 292 AD2d 668 [2002]; *Matter of Rukh [Battery City Car & Limousine Serv.—Hudacs]*, 208 AD2d 1105, 1106 [1994]; *Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett]*, 173 AD2d 1036, 1038 [1991]; *cf. Devlin v City of New York*, 254 AD2d 16 [1998]).

Nor may the plaintiff rely upon Zhang's alleged inability to read the 2001 agreement. "A party who executes a contract is presumed to know its contents and to assent to them" (*Moon Choung v Allstate Ins. Co.*, 283 AD2d 468 [2001]). An inability to understand the English language, without more, is insufficient to avoid this general rule (*see Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761 [1998]). A person who is illiterate in the English language is not automatically excused from complying with the terms of a contract simply because he or she could not read it. Such persons must make a reasonable effort to have the contract read to them (*see Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]; *Sofio v Hughes*, 162 AD2d 518, 520 [1990]). Smith, J.P., Adams, Crane and Lifson, JJ., concur.