■ L&S Motors, Inc., Doing Business as Huntington Honda, Appellant, v Broadview Networks, Inc., Respondent.

[808 NYS2d 777]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated February 16, 2005, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs.

The plaintiff, L&S Motors, Inc., doing business as Huntington Honda, is an automobile dealership and the defendant, Broadview Networks, Inc., is a provider of telephone services. In 2000 the parties entered into a contract for telephone services containing a provision stating that defendant would not be liable "for any special, consequential, punitive, or incidental damages including loss of use, profits, revenue or goodwill." In 2004 the plaintiff allegedly experienced 42 days of faulty telephone service and thereafter commenced this action to recover "damages relating to advertising expenses, lost profits, goodwill . . . and other consequential and incidental damages." The Supreme Court granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1)—"defense founded upon documentary evidence." We affirm.

A motion to dismiss pursuant to CPLR 3211 (a) (1) can be granted only if the movant presents documentary evidence that will conclusively dispose of the claim (*see Roth v Goldman,* 254 AD2d 405 [1998]; *Fischbach & Moore v Howell Co.,* 240 AD2d 157 [1997]). In the case at bar, the defendant demonstrated that the causes of action alleged in the complaint were barred by the provision of the contract which absolved the defendant from liability for the very damages sought by the plaintiff. (*see David Gutter Furs v Jewelers Protection Servs.,* 79 NY2d 1027 [1992]; *Collins v Adriatic Painting & Decorating,* 272 AD2d 502 [2000]; *Aphrodite Jewelry v D&W Cent. Sta. Alarm Co.,* 256 AD2d 288 [1998]; *Hartford Ins. Co. v Holmes Protection Group,* 250 AD2d 526 [1998]; *cf. Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y.,* 271 AD2d 35 [2000]). Furthermore, while "[p]ublic policy . . . forbids a party's attempt to escape liability through a contractual clause for damages occasioned" by

gross negligent conduct (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]), the plaintiff did not allege conduct rising to the level of gross negligence or constituting malfeasance. Accordingly, the Supreme Court properly granted the motion to dismiss the complaint.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.