■ GOLDEN STONE TRADING, INC., Appellant, v WAYNE ELECTRO SYSTEMS, INC., et al., Respondents, et al., Defendants. [889 NYS2d 72]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Dorsa, J.), dated May 16, 2008, which granted the motion of the defendant Affiliated Central, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, also dated May 16, 2008, which granted the motion of the defendant Wayne Electro Systems, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff and the defendant Wayne Electro Systems, Inc. (hereinafter Wayne), entered into a contract which provided, among other things, for the leasing, installation, and monitoring of an alarm system in the plaintiff's commercial premises. Wayne had previously engaged the defendant Affiliated Central, Inc. (hereinafter Affiliated), as its subcontractor to perform

alarm monitoring services, and the plaintiff, Wayne, and Affiliated entered into an Alarm Monitoring Service Agreement (hereinafter the Affiliated contract). On or about January 23, 2006, the plaintiff's commercial premises were burglarized. The plaintiff commenced this action against, among others, Wayne and Affiliated, interposing causes of action against Wayne and Affiliated alleging negligence, gross negligence, breach of contract, and breach of warranty.

Both Wayne and Affiliated moved separately for summary judgment dismissing the complaint insofar as asserted against each of them. Each argued, inter alia, that it was exempted from liability for its own negligence, breach of contract, and breach of warranty by the terms of its respective contract with the plaintiff. They further argued that the plaintiff had not demonstrated a cause of action alleging gross negligence.

Contractual provisions in a burglar alarm contract absolving a party from its own negligence generally will be enforced; however, those provisions which purport to shield the burglar alarm company from gross negligence will not (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993]; Sommer v Federal Signal Corp., 79 NY2d 540, 554 [1992]; Aphrodite Jewelry v D&W Cent. Sta. Alarm Co., 256 AD2d 288, 289 [1998]; Hartford Ins. Co. v Holmes Protection Group, 250 AD2d 526 [1998]).

Contrary to the plaintiff's contention, it did not allege conduct by either Wayne or Affiliated which rose to the level of gross negligence and, thus, the causes of action interposed against them alleging ordinary negligence are barred by the provisions in each contract absolving Wayne and Affiliated, respectively, from their own negligence (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d at 823-824; Hartford Ins. Co. v Holmes Protection Group, 250 AD2d at 526; Aphrodite Jewelry v D&W Cent. Sta. Alarm Co., 256 AD2d at 289).

Similarly, the causes of action alleging breach of contract and breach of warranty against Wayne and Affiliated also are barred by provisions in the respective contracts (see Aphrodite Jewelry v D&W Cent. Sta. Alarm Co., 256 AD2d at 289).

" 'A party who executes a contract is presumed to know its contents and to assent to them' [and] [a]n inability to understand the English language, without more, is insufficient to avoid this general rule" (Holcomb v TWR Express, Inc., 11 AD3d 513, 514 [2004], quoting Moon Choung v Allstate Ins. Co., 283 AD2d 468, 468 [2001]; see Pimpinello v Swift & Co., 253 NY 159, 162-163 [1930]; Sofio v Hughes, 162 AD2d 518, 520 [1990]). Although Guo Hua Lin, the plaintiff's president and sole

shareholder (hereinafter its president), signed both the Wayne and Affiliated contracts, he averred, in an affidavit, that he was unable to read or speak English, or understand the contracts. However, the plaintiff neither showed that its president made any reasonable effort to have the contracts read to him, nor demonstrated that any agent of either Wayne or Affiliated, or any other person, misrepresented the contents of the contracts to him. Accordingly, the plaintiff may not rely on its president's inability to speak English to invalidate the contracts (*see e.g. Holcomb v TWR Express, Inc.*, 11 AD3d at 514; *Sofio v Hughes*, 162 AD2d at 520).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.