■ ADDISON THOMPSON, Appellant, v THE ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., et al., Respondents, et al., Defendants. [959 NYS2d 436]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered November 14, 2011, which, insofar as appealed from as limited by the briefs, granted the motion of defendants the Andy Warhol Foundation for the Visual Arts, Inc. and the Andy Warhol Authentication Board, Inc. to dismiss the complaint as against them, unanimously affirmed, without costs.

The covenants not to sue in the letter agreements that plaintiff signed bar his claims for breach of contract and gross or ordinary negligence, to the extent such a cause of action can be gleaned from the pro se pleadings (*see e.g. Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823 [1993]). Plaintiff's claims must be dismissed, as defendants' only duty to plaintiff was that undertaken by the letter agreements. There was no special relationship between the parties that would give rise to a tort claim (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173 [2011]), and as this court previously observed, the market place is the appropriate place to resolve authentication disputes (*Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88 [2009], *lv denied* 15 NY3d 703 [2010]).

Contrary to the parties' arguments, neither side has engaged in conduct that warrants the imposition of sanctions. Concur— Friedman, J.P., Sweeny, Renwick, Freedman and Román, JJ. **[Prior Case History: 33 Misc 3d 1221(A), 2011 NY Slip Op 52046(U).]**