In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Orange County (Onofry, J.), dated June 4, 2012, which, inter alia, granted that branch of the defendant’s motion which was to vacate an order of the same court dated January 3, 2012, granting the plaintiffs motion for leave to enter a default judgment against him, converted that branch of the defendant’s motion which was to dismiss the complaint pursuant to CPLR 3211 into one for summary judgment dismissing the complaint, and granted that branch of the motion.
Ordered that the order dated June 4, 2012, is affirmed, with costs.
The Supreme Court properly granted that branch of the defendant’s motion which was to vacate an order dated January 3, 2012, granting the plaintiffs motion for leave to enter a default judgment against the defendant, although it should have done so on the ground that the defendant was never actually in default, and not pursuant to CPLR 5015 (a) (1). Service of the summons and complaint was made pursuant to CPLR 308 (2), and service was complete on July 4, 2011. The defendant then had 30 days from that date, or until August 3, 2011, to answer. Since the answer was served on August 2, 2011, the defendant was never in default (see Friedman v Ostreicher, 22 AD3d 798 [2005]). Therefore, the order directing the entry of a default judgment against the defendant was properly vacated (see Firemen’s Fund Ins. Co. v Dietz, 110 AD2d 1083 [1985]).
The Supreme Court properly converted that branch of the defendant’s motion which was to dismiss the complaint pursuant to CPLR 3211 into one for summary judgment dismissing the complaint, as the parties, by their submissions, demonstrated that they were laying bare their proof and deliberately charting a summary judgment course (see Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258-259 [2012]). Further, the Supreme Court properly granted that branch of the motion. A party who executes a deed is presumed to know its contents and is conclusively bound by it (see Pimpinello v Swift & Co., 253 NY 159, 162 [1930]; Holcomb v TWR Express, Inc., 11 AD3d *730 513, 514 [2004]; Sofio v Hughes, 162 AD2d 518, 519 [1990]). An inability to understand the English language, without more, is insufficient to avoid this general rule (see Pimpinello v Swift & Co., 253 NY at 163-164; Holcomb v TWR Express, Inc., 11 AD3d at 514; Sofia v Hughes, 162 AD2d at 520). A person who is illiterate in the English language is not automatically excused from the conveyance because he or she could not read the deed. Such persons must make a reasonable effort to have the deed read to them (see Pimpinello v Swift & Co., 253 NY at 163-164; Holcomb v TWR Express, Inc., 11 AD3d at 514; Sofio v Hughes, 162 AD2d at 520). The defendant demonstrated, prima facie, that the plaintiff, who allegedly read on a third-grade level, made no attempt to have the deed that transferred his interest in the subject property to the defendant read to him. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the plaintiff is conclusively bound by the terms of the deed, and the defendant is entitled to summary judgment dismissing the complaint.
The plaintiffs remaining contention is academic in light of our determination. Mastro, J.E, Chambers, Hall and Lott, JJ., concur.