■ Ramon Nerey et al., Appellants, v Greenpoint Mortgage Funding, Inc., et al., Defendants, and Gina Hyun Soon Park et al., Respondents. [40 NYS3d 510]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Queens County (Grays, J.), dated April 23, 2014, which granted the motion of the defendants Gina Hyun Soon Park, Tayseer Razik, and ReMax Universal Real Estate for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs purchased a single family home in Queens. The defendant Gina Hyun Soon Park (hereinafter Park) acted

as the real estate agent and was associated with the defendant ReMax Universal Real Estate (hereinafter ReMax). In connection with their purchase, the plaintiffs obtained two mortgages from the defendant Greenpoint Mortgage Funding, Inc., through the defendant Steven Weiss, mortgage broker of the defendant Mortgage Mall, Inc. The plaintiffs commenced this action against those parties and others, alleging that the defendants engaged in a scheme to defraud them into purchasing a property which they clearly could not afford via misrepresentations as to the purchase price, appraisal value of the home, and terms of the mortgage. Park, the defendant Tayseer Razik, and ReMax (hereinafter collectively the ReMax defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiffs appeal.

The Supreme Court properly granted those branches of the ReMax defendants' motion which were for summary judgment dismissing the causes of action alleging fraud insofar as asserted against them. "To establish fraud, a plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance, and injury" (*Curtis-Shanley v Bank of Am.*, 109 AD3d 634, 636 [2013]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]). Here, the ReMax defendants established their prima facie entitlement to judgment as a matter of law on the first cause of action by demonstrating that there was no misrepresentation as to the purchase price of the property (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The ReMax defendants established their prima facie entitlement to judgment as a matter of law on the second cause of action, alleging misrepresentation as to the mortgage terms, by demonstrating that Park acted as the seller's agent and had no involvement in setting the terms of the mortgages. "Absent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable as fraud" (*Lane v McCallion*, 166 AD2d 688, 690 [1990]). Further, where the alleged misrepresentation concerns a future matter completely beyond the defendant's control and outside of the defendant's particular knowledge, reliance on the alleged misrepresentation is not justifiable (*see Stangel v Zhi Dan Chen*, 74 AD3d

1050, 1052-1053 [2010]; *F.A.S.A. Constr. Corp. v Degenshein*, 47 AD3d 877, 879 [2008]). The plaintiffs allege that Park had a present intent to deceive them concerning the mortgage terms and intentionally organized the parties and controlled the transaction. However, in opposition to the motion, they relied on mere surmise, suspicion, speculation, and conjecture, which are insufficient to defeat a motion for summary judgment (*see Fredette v Town of Southampton*, 95 AD3d 939, 940 [2012]; *Jeansimon v Lumsden*, 92 AD3d 640, 641 [2012]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 478 [2009]).

Moreover, the plaintiffs signed mortgage documents at the closing that accurately reflected the mortgage terms. "A party who executes a contract is presumed to know its contents and to assent to them" (*Moon Choung v Allstate Ins. Co.*, 283 AD2d 468, 468 [2001]; *see Pimpinello v Swift & Co.*, 253 NY 159 [1930]). "An inability to understand the English language, without more, is insufficient to avoid this general rule" (*Holcomb v TWR Express, Inc.*, 11 AD3d 513, 514 [2004]; *see Pimpinello v Swift & Co.*, 253 NY 159 [1930]). It is incumbent upon such parties to make a reasonable effort to have the contract read to them (*see Holcomb v TWR Express, Inc.*, 11 AD3d at 514; *Kassab v Marco Shoes* 282 AD2d 316 [2001]; *Sofio v Hughes*, 162 AD2d 518, 520 [1990]), and they will be bound by their signatures unless the contents of the document were misread or misrepresented to them (*see Pimpinello v Swift & Co.*, 253 NY at 163; *Golden Stone Trading, Inc. v Wayne Electro Sys., Inc.*, 67 AD3d 731, 733 [2009]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 788 [2009]; *Holcomb v TWR Express, Inc.*, 11 AD3d 513 [2004]). Here, the plaintiffs' submissions demonstrated that, despite having an interpreter present at the closing, they made no effort to have the mortgage documents translated. Accordingly, the plaintiffs failed to raise a triable issue of fact as to whether they justifiably relied on any earlier representations by Park regarding the mortgage terms (*see Colasacco v Robert E. Lawrence Real Estate*, 68 AD3d 706, 708 [2009]; *Golden Stone Trading, Inc. v Wayne Electro Sys., Inc.*, 67 AD3d at 733; *Daniel Gale Assoc. v Hillcrest Estates*, 283 AD2d 386 [2001]).

Although a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme, New York does not recognize an independent tort of conspiracy (*see Levin v Kitsis*, 82 AD3d 1051, 1052 [2011]; *Litras v Litras*, 254 AD2d 395, 396

[1998]). Since the underlying fraud claims against the ReMax defendants are not viable, the seventh cause of action alleging conspiracy must fail insofar as asserted against them as well (*see Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]; *Truong v AT&T*, 243 AD2d 278 [1997]). Accordingly, the Supreme Court properly granted the ReMax defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiffs' remaining contention, raised for the first time on appeal, is not properly before this Court (*see Salierno v City of Mount Vernon*, 107 AD3d 971, 972 [2013]). Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.