Buck Constr. & Dev., Inc. v Hetzel (2018 NY Slip Op 06875)





Buck Constr. & Dev., Inc. v Hetzel


2018 NY Slip Op 06875


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-02077
 (Index No. 602186/16)

[*1]Buck Construction & Development, Inc., respondent,
v
Elaine M. Hetzel, etc., appellant.


Russo & Toner, LLP, New York, NY (Josh H. Kardisch of counsel), for appellant.
Brian P. Neary, P.C., Huntington, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated February 3, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint and in her favor on her counterclaims.
ORDERED that the order is affirmed, with costs.
The plaintiff, a construction company, and the defendant, a property owner, entered into a construction contract for the plaintiff to build a home for the defendant in Belle Harbor, Queens, after the defendant's home had been destroyed by a fire. The defendant hired Andre Boucher, an adjuster from Florida, to handle the insurance claim process and to assist as a "liason" on the construction project. The defendant also hired James Leonard, an architect, to design a storm-resistant home. The plaintiff was contacted by Boucher to perform the construction work and it was Boucher who presented the construction contract to his client, the defendant. In an affidavit submitted in support of her motion for summary judgment, the defendant stated that she believed that the total cost of the project would be $496,000. However, the contract provided that the total cost was $696,000. The defendant admitted that she signed the contract without reading it. Due to alleged deviations from the architectural plans, poor workmanship, and delays, the defendant fired the plaintiff from the project. Thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendant counterclaimed to recover damages for, among other things, breach of contract.
The defendant moved for summary judgment dismissing the complaint and in her favor on her counterclaims, asserting that the plaintiff could not succeed on the complaint because it could not demonstrate there was a meeting of the minds, it did not substantially perform its duties under the contract, and it is not a licensed home improvement contractor, thereby making the contract illegal and unenforceable. The plaintiff opposed the motion, stating that it was not required to be a licensed home improvement contractor for this contract because the project was a new construction on a vacant lot, not a home improvement. The plaintiff asserted that it was acting as a subcontractor for the licensed general contractor, nonparty Celtic Construction. The plaintiff also asserted that it performed the work properly pursuant to the contract and architectural plans, but that delays were caused by the defendant's architect. The Supreme Court denied the defendant's motion, [*2]holding that there were issues of fact, including whether the plaintiff had to be licensed to perform the work and whether the defendant agreed to the contract price. The defendant appeals, and we affirm.
The defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Specifically, the defendant did not demonstrate that the parties did not enter into a valid contract or that the contract was illegal and unenforceable (see Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646; Golden Stone Trading, Inc. v Wayne Electro Sys., Inc., 67 AD3d 731, 732; Holcomb v TWR Express, Inc., 11 AD3d 513, 514; Moon Choung v Allstate Ins. Co., 283 AD2d 468; Renee Knitwear Corp. v ADT Sec. Sys. Northeast, 277 AD2d 215, 216; Shklovskiy v Khan, 273 AD2d 371, 372; Barclays Bank of N.Y. v Sokol, 128 AD2d 492, 493). Further, the defendant did not establish her prima facie entitlement to judgment on her counterclaim to recover damages for breach of contract, as there are numerous issues of fact including, but not limited to, which party was at fault for delays in construction (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 560).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court