Schack v Schack (2020 NY Slip Op 04502)





Schack v Schack


2020 NY Slip Op 04502


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-14142
 (Index No. 606873/18)

[*1]Camela Schack, appellant, 
v
Wayne Schack, et al., defendants, L. Shanti Kumar, et al., respondents.


Gary P. Field, Huntington, NY, for appellant.
Furman Kornfeld & Brennan LLP, New York, NY (Andrew S. Kowlowitz and Jason H. Seiler of counsel), for respondents



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 26, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants L. Shanti Kumar and LSK & Co., CPA's, P.C., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant Wayne Schack (hereinafter Schack) are former spouses. Pursuant to an amended judgment of divorce, the plaintiff was awarded a distributive share of two 7-11 stores owned by Schack and which, subsequent to entry of the divorce judgment, he sought to sell. The plaintiff alleged that the defendants L. Shanti Kumar and LSK & Co., CPA's, P.C., Schack's accountants (hereinafter together the accounting defendants), advised her counsel that the proceeds of the sale would not be sufficient to both satisfy certain federal tax liens for which Schack was personally liable and that had been levied against the former marital residence, and to satisfy her distributive share of the stores. The accounting defendants allegedly represented to the plaintiff's counsel that Schack intended to use the proceeds of the sale to satisfy the liens. The plaintiff alleged that, in reliance on those representations, she agreed to relinquish her distributive share of the stores in consideration for Schack's conveyance to her of his share in the marital residence. However, the plaintiff claimed, her interest in the marital residence turned out to be worthless because Schack never satisfied the federal liens out of the proceeds of the sale of the stores.
The plaintiff thereafter commenced this action, inter alia, to recover damages for fraud against, among others, the accounting defendants. Those defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
To plead a cause of action for fraud a plaintiff must allege "(1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages" (Greene v Rachlin, 154 AD3d 814, 817; see Eurycleia Partners, LP v [*2]Seward & Kissel, LLP, 12 NY3d 553, 559). " Absent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable as fraud'" (Nerey v Greenpoint Mtge. Funding, Inc., 144 AD3d 646, 647, quoting Lane v McCallion, 166 AD2d 688, 690).
Here, the plaintiff failed to allege, with the particularity required by CPLR 3016(b), that the accounting defendants knew, when they made the alleged representation that Schack intended to satisfy the federal liens through the proceeds of the sale of the stores, that Schack, in fact, did not intend to use the proceeds for that purpose (see Chun Hye Kang-Kim v Feldman, 121 AD2d 590, 591).
Accordingly, the complaint failed to state a cause of action alleging fraud against the accounting defendants, and we agree with the Supreme Court's determination granting that branch of the accounting defendants' motion which was to dismiss the complaint insofar as asserted against them.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court