New York Univ. v Turner Constr. Co. (2022 NY Slip Op 04099)

New York Univ. v Turner Constr. Co.

2022 NY Slip Op 04099

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 653535/15 Appeal No. 16181 Case No. 2022-00479 

[*1]New York University et al., Plaintiffs-Respondents, NYU School of Medicine, Plaintiff,
v
Turner Construction Company, Defendant-Appellant.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Kannon K. Shanmugam of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Edward Flanders of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 3, 2022, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing New York University's (University) and NYU Hospitals Center's (Hospital) (together, plaintiffs) claims for negligence, gross negligence, and actual and punitive damages, unanimously affirmed, with costs.
In anticipation of Hurricane Sandy, defendant covered an air shaft opening with sandbags and allegedly failed to follow plaintiffs' instructions to seal the opening further with plywood and plastic, which resulted in water flowing through the air shaft and causing about $1.3 billion in damages. In light of the particular record before us, issues of fact exist as to whether defendant acted with reckless disregard for plaintiffs' property (Colnaghi, U.S.A. v Jewelers Protection Servs. , 81 NY2d 823, 823-824 [1993]; Hartford Ins. Co. v Holmes Protection Group , 250 AD2d 526, 528 [1st Dept 1998]), or, stated differently, failed to exercise the "slight care" necessarily to negate a finding of gross negligence (Food Pageant v Consolidated Edison Co. , 54 NY2d 167, 172 [1981]).
Defendant's contention that Hospital's negligence and gross negligence claims should be dismissed for lack of a duty of care is unavailing. Defendant owed Hospital a duty of care regardless of the whether the hurricane-related work stemmed from the construction contract that defendant was performing. If work stemmed from the contract, a duty of care arose because Hospital "detrimentally relie[d] on the continued performance of [defendant's contractual] duties" (Espinal v Melville Snow Contrs. , 98 NY2d 136, 140 [2002], citing Eaves Brooks Costume Co. v Y.B.H. Realty Corp. , 76 NY2d 220, 226 [1990]). To the extent the work may not have arisen from the contract, defendant voluntarily assumed the duty to safeguard the air shaft and, with it, a duty to act with reasonable care (see Nallan v Helmsley-Spear, Inc. , 50 NY2d 507, 522-523 [1980]; Restatement [Second] of Torts § 323, Comment c ). Plaintiffs are entitled to plead causes of action and theories of recovery in the alternative.
University's negligence and gross negligence claims are not duplicative of the breach of contract claim. Even assuming that the hurricane-related work arose from the construction contract, the nature of the work, which was to protect against an "abrupt, cataclysmic occurrence," gave rise to a duty of reasonable care independent of the contractual obligations (Sommer v Federal Signal Corp. , 79 NY2d 540, 552-553 [1992]).
We have considered defendant's arguments related to damages and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022