■ NICK STABULAS, Respondent, v BROOKS PIECE DYE WORKS CORPORATION et al., Appellants. — In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, (1) from so much of a decision of the Supreme Court, Queens County (Leviss, J.), dated February 15, 1984, as denied that branch of their motion which was to dismiss the complaint as to them for failure to state a cause of action, and denied those branches of their motion which were to dismiss the complaint as barred by the Statute of Limitations and the Statute of Frauds, with leave to assert those defenses in their answer, and (2) from the same portions of an order of the same court dated March 27, 1984.

Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a decision.

Order affirmed insofar as appealed from, without costs or disbursements.

The contract in issue, dated August 2, 1973, provides in relevant part: "The undersigned [Brooks Piece Dye Works Corp.] and its successors acknowledge that NICK STABULAS has: (1) — 25% interest in its plant and fixed assets beginning with January 1, 1973. (2) — That he is to receive 25% of the total salaries, bonuses or other forms of compensation paid to Samul [*sic*] J. Raiff and Andrew Raiff for services rendered beginning with January 1, 1973." The contract was signed "Brooks Piece Dye Works Corp.", by Samuel J. Raiff, president, and Andrew Raiff, secretary-treasurer and was "acknowledged" by plaintiff Nick Stabulas.

The complaint alleges that from January 1, 1973 "to the present date", defendants grossed approximately $12,000,000 and netted approximately $1,670,000. The complaint also alleges that over the course of the contract plaintiff has been paid $140,000, that he is owed $377,500, and that he demanded payment of that sum, but was refused payment by defendants.

An examination of the complaint indicates that it is sufficient to withstand a motion to dismiss.

"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (subd [a] par 7) a liberal construction is applied in testing the adequacy of the pleading (see, e.g. *Coutu v Otis Elevator Co.,* 58 AD2d 131). Accordingly, all of the factual allegations in the complaint must be assumed to be true (*Brady & Co. v Concrete Plank Co.,* 56 AD2d 591) and the pleading is deemed to allege whatever cause of action can be implied from its statement by fair and reasonable intendment (see *Paul v Hogan,* 56 AD2d 723). Where a complaint, however, sets forth a cause of action for breach of contract, the provisions of the contract upon which the claim is based must be alleged (*Berdych v Bell Aerospace Corp.,* 19 AD2d 582; *Crossways Apts. Corp. v Amante,* 213 App Div 430)" (*Lupinski v Village of Ilion,* 59 AD2d 1050, 1050-1051; *see, Shields v School of Law of Hofstra Univ.,* 77 AD2d 867, 868).

Plaintiff has set forth the contract as part of his complaint and properly pleaded a breach thereof.

The portion of plaintiff's claim that accrued within six years prior to the commencement of the action is not barred by the Statute of Limitations (CPLR 213 [2]; 2 Carmody-Wait 2d, NY Prac § 13:85). As to the portion of plaintiff's claim that accrued more than six years prior to the commencement of the action, we agree with Special Term that there is a question of fact as to whether a partial payment revived the debt and took that portion of plaintiff's claim out of the Statute of Limitations. Plaintiff claims he received payment from defendants as recently as January 1981. "Partial payment of a debt under circumstances * * * which clearly indicate that the debtor acknowledges more is due, will permit an inference that the debtor has impliedly promised to pay the entire debt" (*Matter of McDonald,* 79 AD2d 754, 755).

Special Term denied the defendants' motion to dismiss the complaint as barred by the Statute of Frauds but granted them leave to raise that defense in their answer. The court stated: "On the present state of the record, it cannot be determined if the contract was terminable at will by either party". That was the wrong basis upon which to deny the motion. Since the contract is in writing and since it contains " 'substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is' " (*Kobre v Instrument Sys. Corp.,* 54 AD2d 625, 626, *affd* 43 NY2d 862; *Mentz v Newwitter,* 122 NY 491, 497), it is irrelevant whether or not it is terminable at will and the complaint may not be dismissed on the ground that it is unenforceable under the Statute of Frauds.

Costs on the appeal have been denied due to the poor quality of respondent's brief. Not only was that brief unresponsive to appellants' claims, but it was only two and one-half pages long and cited no legal authority, which, under the circumstances, was inappropriate. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.