■ G&B PHOTOGRAPHY, INC., et al., Respondents, v DAVID GREENBERG, Appellant, et al., Defendants. [619 NYS2d 294] —In

an action to recover damages for breach of a restrictive covenant, the defendant David Greenberg appeals from an order of the Supreme Court, Suffolk County (Lama, J.), dated January 21, 1993, which, upon reargument, granted the plaintiffs' cross motion for partial summary judgment dismissing his counterclaim.

Ordered that the order is affirmed, with costs.

The plaintiff Robert Biello and the defendant David Greenberg each owned 50% of the stock of two corporations, to wit, Greenberg-Biello Studio of L.I., Inc., and G&B Labs, Inc. (hereinafter collectively G&B). On October 7, 1988, G&B and Greenberg entered into a written contract whereby G&B purchased Greenberg's stock in the two corporations for the sum of $225,000 payable in monthly installments of $4,562.19. Greenberg agreed not to compete with G&B for a period of one year. G&B's agreement to pay $225,000 for Greenberg's stock was secured by a promissory note personally guaranteed by Biello. In addition the debt was secured by Greenberg's stock which was to be held in escrow pending full payment of the $225,000.

The contract further provided: "In the event of a default by Purchaser, which default is not cured within the applicable terms set forth in this agreement, the promissory note, or the security agreement, as the case may be, Seller may, without limitation of other remedies available to him, reacquire the shares held as collateral at no expense to Seller and in full satisfaction of any indebtedness due on the note. In such event, the Escrowee shall, upon written demand of Seller for possession of the shares or the Assignment of Lease, notify Purchaser of such demand in writing. Within ten (10) days after giving such notice to the purchaser, Escrowee shall, without any liability whatsoever, deliver the documents demanded to the Seller unless, during said ten (10) day * * * period, Escrowee shall be served with an order by a court of competent jurisdiction restraining or enjoining said transfer."

Thereafter, Greenberg allegedly breached the restrictive covenant. G&B and Biello (hereinafter the plaintiffs) discontinued the monthly stock-purchase payments and commenced the instant action for breach of contract. Subsequently, in strict compliance with the foregoing terms of the parties' agreement, Greenberg, by counsel, demanded payment on the note. Thereafter, upon due notice to the plaintiffs, the escrowee released to Greenberg the corporate stock which had been held as collateral for the debt.

When Greenberg moved for summary judgment on his counterclaim for a deficiency judgment, alleging that the plaintiffs owed him $174,000 on the note, the plaintiffs cross-moved for partial summary judgment to dismiss the counterclaim, arguing that Greenberg had elected to acquire the stock in full satisfaction of the debt secured by the note. The court did not address the plaintiffs' cross motion in its original order of August 15, 1991, but upon reargument, in an order dated January 21, 1993, it granted the plaintiffs' cross motion and dismissed Greenberg's counterclaim. We now affirm.

The contractual provision at issue here is clear on its face: in the event of the plaintiffs' default, defendant Greenberg could either sue on the underlying debt *or* reacquire the shares of stock in full satisfaction of any indebtedness due on the note *(see, e.g., Nidds v Procidano,* 95 AD2d 912). The record establishes that Greenberg, through his attorneys, elected the remedy of strict foreclosure in accordance with the unambiguous terms of the contract, so he may not now pursue additional relief on a debt that has been entirely discharged.

Greenberg suggests that the language, "without limitation of other remedies available", contained in the parties' contract creates an ambiguity because it might permit him to *both* foreclose on the note *and* sue for a deficiency on the underlying debt. We find, however, that he is attempting to create an irrational conflict between two provisions that can reasonably be reconciled *(see, Proyecfin de Venezuela v Banco Indus.,* 760 F2d 390, 395-396; *see also,* 3 Corbin, Contracts § 547, at 172-173 [1960]).

We further reject as purely conclusory Greenberg's unsubstantiated claim, made a year and a half after his election of remedies, and only upon reargument, that his former attorneys acted without his authorization in electing the foreclosure remedy by their letter to the plaintiffs dated May 3, 1990. This letter—a copy of which was received by Greenberg and which further announced the release to him of the shares held in escrow—operates as an "admission," which may properly be considered against him *(Bellino v Bellino Constr. Co.,* 75 AD2d 630). In any event, the defendant ratified his attorneys' choice of remedies by waiting so long to contest it *(see, e.g., Hallock v State of New York,* 64 NY2d 224).

The issues raised by the defendant are insufficient to defeat the plaintiffs' *prima facie* demonstration of their entitlement to partial summary judgment *(Prunty v Kelties's Bum Steer,* 163 AD2d 595; *Barclays Bank v Sokol,* 128 AD2d 492; *Colum-*

*bus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701; *New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 770; *Gould v McBride,* 36 AD2d 706, *affd* 29 NY2d 768). Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.