[668 NYS2d 819]

SKANEATELES SAVINGS BANK, Appellant, v MODI ASSOCIATES et al., Respondents.

Fourth Department, February 4, 1998

APPEARANCES OF COUNSEL

*Mackay, Caswell & Callahan, P. C.,* Syracuse *(William Baker* of counsel), for appellant.

*Joseph M. Kelly,* Liverpool, for Ramesh Modi, respondent.

*Frank J. Vavonese,* Syracuse *(David W. Herkala* of counsel), for Routhu V. Rao, respondent.

## OPINION OF THE COURT

CALLAHAN, J.

On this appeal, plaintiff, Skaneateles Savings Bank (Bank), appeals from an order that denied its motion for summary judgment on the balance owed by defendants on a demand note. In reliance upon this Court's decisions in *Bank of N. Y. v Bersani* (90 AD2d 302) and *Mangno v Mangno* (206 AD2d 936, *lv dismissed in part and denied in part* 85 NY2d 855), Supreme Court granted the cross motions of defendants to dismiss the complaint because the action was commenced more than six years from the date of the demand note, even though defendants had made payments on interest and principal.

On June 6, 1989, defendant Modi Associates (Modi) executed and delivered to the Bank a promissory note payable on demand in the amount of $50,000. From June 1989 through October 1995, Modi made the payments required, but failed to make any payments after November 15, 1995. In August 1996 the Bank demanded payment on the principal balance in the amount of $49,821.51, plus accrued interest. When Modi failed to pay, the Bank commenced this action to recover the balance. Following joinder of issue, the Bank moved for summary judgment and defendants cross-moved to dismiss the complaint on the ground that it was barred by the six-year Statute of Limitations.

It is well established that a cause of action against a maker of a demand instrument accrues upon the date of the instrument (*see,* UCC 3-122 [1] [b]; *Phoenix Acquisition Corp. v Campcore, Inc.,* 81 NY2d 138, 143). Applying that rule, the court dismissed the complaint because it is undisputed that the action was commenced over seven years after execution of the note. The Bank contends, however, that the periodic payments of principal and interest on the note operated to renew the Statute of Limitations.

At common law, the Statute of Limitations on a demand note was renewed by an acknowledgement or promise in writing, signed by the party to be charged thereby, as evidence of a

new or continuing contract (*see, e.g., Lincoln-Alliance Bank & Trust Co. v Fisher*, 247 App Div 465; *see generally,* 81 NY Jur 2d, Negotiable Instruments and Other Commercial Paper, § 711). In the absence of such writing, the Statute of Limitations also was renewed by partial payment of principal or interest. The rationale for that principle was that partial payment had the effect of an acknowledgement or new promise and renewed the operation of the Statute of Limitations (*see, First Natl. Bank v Ballou*, 49 NY 155). The issue here is whether the common-law rule has been abrogated by adoption of the Uniform Commercial Code. Defendants argue that the absence of post-Uniform Commercial Code cases on the question "supports the conclusion that a partial payment of interest on a demand note does not in any way toll the Statute of Limitations".

The Uniform Commercial Code declares when causes of action against the various parties to a negotiable instrument accrue (UCC 3-122); a cause of action against the maker of a demand note accrues on the date of the note or, if no date is stated, on the date of issue (UCC 3-122 [1] [b]). Because the Code does not contain any tolling provisions, it did not adopt the common-law rule. We note that UCC article 3 does not contain any Statute of Limitations governing suits on commercial paper. Therefore, the non-Code Statute of Limitations applicable to suits on written instruments will apply (*see,* 5A Anderson, Uniform Commercial Code § 3-122:6 [3d ed]; CPLR 213 [2]; *Matter of Friedgood*, 137 AD2d 688).

The General Obligations Law also supports the view that the renewal by partial payment rule survives in New York. Section 17-101, which is derived from Code of Civil Procedure § 395, provides that a written acknowledgement or promise is necessary to take an action out of the operation of the Statute of Limitations and also provides that "[t]his section does not alter the effect of a payment of principal or interest." Although there is no post-Uniform Commercial Code case law in New York that directly addresses the issue, courts that have considered the question have held that, under appropriate circumstances, a partial payment has the effect of renewing a Statute of Limitations (*see, Chemical Fin. Servs. Corp. v Zagaro,* 173 Misc 2d 745, 747, citing *Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 521; *see also, Drake v Tyner*, 914 P2d 519 [Colo App]; *see generally,* 51 Am Jur 2d, Limitation of Actions, § 360).

The reliance by defendants and the court on *Bank of N. Y. v Bersani* (*supra*) and *Mangno v Mangno* (*supra*) is misplaced. Al-

though the facts of *Bersani* are similar to those here, involving partial payment on a demand note, the parties did not raise, and this Court did not address, the issue whether partial payment renewed the Statute of Limitations. Rather, the parties focused their arguments on the status of various parties to a negotiable instrument and the point at which a cause of action against each accrues. Likewise, we did not address the issue in *Mangno*; there, we held that the Statute of Limitations on a demand note is six years from the date of the instrument without any prior demand. There was no discussion of the issue of partial payment.

We are not persuaded that, because the UCC is silent on whether any payment of interest or principal on the demand note tolls the statute, the common-law rule has been abrogated. The adoption of the UCC does not alter the effect of a payment of principal or interest (*see, Mills v Davis*, 113 NY 243, 246-247). Furthermore, defendants do not argue that the partial payment was not voluntarily and deliberately made as partial payment of the obligation and under such circumstances that amount to an acknowledgement of an existing liability on the obligation (*see, Scott v Palmer*, 246 App Div 379, *affd* 273 NY 471). Nor do defendants contend that the payment was made by other than the obligor or an authorized agent (*cf., Peoples Trust Co. v O'Neil*, 273 NY 312). Because the record establishes that the payments implied "a promise to pay the remainder of the debt", they revived the debt "for limitations purposes" (*Matter of Flaum v Birnbaum*, 177 AD2d 170, 180, *lv dismissed sub nom. Matter of Flaum v Puccio*, 80 NY2d 925; *see*, 5A Anderson, Uniform Commercial Code § 3-122:22, at 435 [3d ed]).

Accordingly, the cross motions should be denied, the complaint reinstated and the motion granted.

DENMAN, P. J., GREEN, BALIO and FALLON, JJ., concur.

Order unanimously reversed, on the law, without costs, cross motions denied, complaint reinstated and motion granted.