■ MUNDACA INVESTMENT CORP., Appellant, v ANTHONY P. RIVIZZIGNO et al., Respondents. [668 NYS2d 854] —Order unanimously reversed on the law without costs, complaint reinstated, motion granted in part, first affirmative defense dismissed and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In November 1986 defendants, Anthony P. Rivizzigno, Judith P. Rivizzigno and Frank D'Agostino, executed a note payable to Jefferson

National Bank in the amount of $75,000 (Note). As security for repayment of the Note, Judith Rivizzigno gave Jefferson National Bank a mortgage on real property she owned. The Note provides for monthly payments to be made on the first of each month, beginning on January 1, 1987 and continuing through December 1, 2001. The Note is on a standard printed form that provides for monthly payments to be made at a variable interest rate. An "X" is checked in a box in front of printed language in the Note stating: "PAYABLE IN FULL * * * ON DEMAND, IF THE LENDER DEMANDS PAYMENT". Added to the text of the Note there is typewritten: "Notwithstanding the maturity date [of December 1, 2001], the bank may demand the entire amount of unpaid principal and accumulated interest be paid at any time after December 1, 1991". Defendants failed to make the monthly payment due October 1, 1993, or any payments thereafter. In 1993 the Federal Deposit Insurance Corporation, as receiver for Jefferson National Bank, assigned the Note and mortgage to plaintiff.

On February 15, 1996, plaintiff commenced this action seeking payment on the Note, plus costs and attorney's fees. In their answer, the Rivizzignos raise four affirmative defenses, including the Statute of Limitations. Plaintiff moved for summary judgment on the unpaid balance of the Note, and for an order striking, *inter alia,* the first affirmative defense of the Statute of Limitations. Supreme Court denied plaintiff's motion and dismissed the complaint, determining that the Note is a demand note and the applicable Statute of Limitations is six years from the date of its execution, i.e., November 1987. The court therefore held that plaintiff's action is barred by the Statute of Limitations. Having made that determination, the court did not reach the merits of plaintiff's motion for summary judgment.

Demand notes are notes "payable at sight or on presentation and * * * in which no time for payment is stated" (UCC 3-108). Notes payable where the due date of the note "can be determined from the face of the instrument" (UCC 3-109 [2], Comment 2) are non-demand notes. Whether notes are considered payable on demand is dependent upon whether "the notes, as written, were subject to call at plaintiff's pleasure" (*National Westminster Bank v Vannier Group,* 160 AD2d 348, 350).

The apparent inconsistency between the typewritten clause and the "X" in the box beside the printed language stating that the loan is payable "ON DEMAND, IF THE LENDER DEMANDS PAYMENT" can be reconciled. The typewritten clause is in the nature of an acceleration clause, i.e., it provides that, notwith-

standing the stated maturity date of December 1, 2001, the holder may call the loan "at any time" after December 1, 1991. If the Note were a true demand note, there would be no need to provide that it could not be called before December 1, 1991. The "very nature" of demand instruments "permits call at any time with or without reason" (UCC 1-208, Comment). Because the acceleration clause is not callable at the holder's "pleasure" before December 1, 1991, it limits the right of the holder to call the Note and therefore the court erred in determining that the Note is a demand note.

What appear to be conflicting provisions should be reconciled where there is a reasonable possibility of doing so (*see,* 80 NY Jur 2d, Negotiable Instruments and Other Commercial Paper, § 151; *G & B Photography v Greenberg,* 209 AD2d 579, 581; *Robshaw v Health Mgt.,* 98 AD2d 986), especially where consideration of the contract as a whole resolves the apparent ambiguity (*see, Hudson-Port Ewen Assocs. v Chien Kuo,* 78 NY2d 944, 945). In viewing the Note as a whole, one understands why the lender checked the box where it did; doing so gave the Note the characteristics of both a demand and a term note. It is a term note until December 1, 1991, after which the acceleration clause changes its nature to that of a demand note.

Further, the typewritten clause controls over the printed language that comes after the box checked. "Handwritten terms control typewritten and printed terms, and typewritten [terms] control printed" (UCC 3-118 [b]; *see,* 80 NY Jur 2d, Negotiable Instruments and Other Commercial Paper, § 157). In any event, even were this a demand note, the Statute of Limitations was renewed by a partial payment that was made as late as September 1993 (*see, Skaneateles Sav. Bank v Modi Assocs.,* 239 AD2d 40 [decided herewith]).

The court's reliance upon *Environics, Inc. v Pratt* (50 AD2d 552) is misplaced. In *Environics,* the note had no stated maturity date and the language did not limit the right of the holder to make an immediate demand for payment. The note became payable " 'thirty days after demand.' " (*Supra,* at 552.) Here, however, there is a stated maturity date of December 1, 2001. Before that date the holder's right to call the instrument is limited to the debtors' default.

The Statute of Limitations on a note is six years after the cause of action accrues (*see,* CPLR 213 [2]). " '[A] cause of action accrues for the purpose of setting the [Statute of Limitations] in motion as soon as the creditor, by his own act and in spite of the debtor, can make the [note] payable' " (*Knapp v*

*Greene,* 79 Hun 264, 267). Because the Note could not be called before December 1, 1991, except upon default, the Statute of Limitations accrued, at the earliest, on that date. Having commenced this action on February 15, 1996, plaintiff's right to recover is not barred by the Statute of Limitations.

We therefore reverse the order, reinstate the complaint, grant in part plaintiff's motion and dismiss the affirmative defense of the Statute of Limitations and remit the matter to Supreme Court for a determination of the merits of plaintiff's motion for summary judgment. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.