■ Stephen D. Pomaro, Appellant, v Quality Sheet Metal, Inc., et al., Defendants, and Stephen Weiss et al., Respondents.

[743 NYS2d 556] —In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated August 13, 2001, which, upon renewal, granted the motion of the defendants Stephen Weiss and Eleanor Weiss for summary judgment dismissing the second cause of action insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On November 26, 1991, the defendant Quality Sheet Metal, Inc. (hereinafter Quality) executed a promissory note payable to the plaintiff. Interest was payable monthly, and the principal was due and payable on November 25, 1992. The note also provided, in relevant part, that the plaintiff's failure to present the note for payment at the due date was not to be deemed a waiver of any rights, and that "the note shall continue, as a demand note." As inducement for the plaintiff to make the underlying loan to Quality, the defendants Stephen Weiss, Kathleen Weiss (hereinafter the Weiss defendants), Lawrence Herman, and Eleanor Herman executed a guaranty in connection with the note.

On the due date of the note, the plaintiff did not present the note for payment, but rather, opted to treat the note as a demand note. Accordingly, from December 1992 through and including September 1999, Quality continued to make monthly interest payments on the note. Quality defaulted on the payment of interest after September 1999, and failed to repay the principal upon the plaintiff's demand therefor. Thereafter, in May 2000, the plaintiff commenced the instant action against the defendants, including Quality and the Weiss defendants. Insofar as is relevant to this appeal, the plaintiff's second cause of action, inter alia, sought recovery against the Weiss defendants based on the guaranty which they had signed.

The Weiss defendants moved for summary judgment dismissing the second cause of action insofar as asserted against them on the ground that it was barred by the six-year statute of limitations. The Supreme Court denied the motion with leave to renew, finding that the determinative issue was whether the Weiss defendants had been discharged from liability as guarantors of the note because the plaintiff had extended the duration of the note without notifying them. Subsequently, the Weiss defendants moved for leave to renew their prior summary judgment motion. The Supreme Court granted the Weiss defendants leave to renew and, upon renewal, granted their motion for summary judgment dismissing the second cause of action insofar as asserted against them, upon determining, inter alia, that they never agreed to extend the duration of the note, and

that there was no evidence that Quality was acting as their agent in making the interest payments.

While it is true that a guarantor is released from a guaranty if the terms of the underlying obligation are modified without the guarantor's consent (*see Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312, 315; *Central Fed. Sav. & Loan Assn. v Pergolis,* 173 AD2d 587, 589; *see also Midland Steel Warehouse Corp. v Godinger Silver Art,* 276 AD2d 341, 343-344), the plaintiff's election to treat it as a demand note after November 25, 1992, did not constitute a modification of the note which discharged the obligation of the guarantors. Here, the note expressly allowed the plaintiff to treat it as a demand note on the due date and to continue to collect interest thereafter. Moreover, nothing in either the note or the guaranty required the plaintiff to notify the guarantors that he was treating the note as a demand note on the due date.

Nevertheless, we conclude that the Supreme Court correctly granted the motion of the Weiss defendants to dismiss the second cause of action insofar as asserted against them, since that cause of action is barred by the six-year statute of limitations (*see* CPLR 213 [2]). It is well-settled that the statute of limitations on a demand note "begins to run from the date of its execution" (*Phoenix Acquisition Corp. v Wickwire,* 81 NY2d 138, 143). Since the note was converted to a demand note on November 25, 1992, the statute of limitations began to run on that date. While Quality's interest payments from December 1992 through and including September 1999 started running the statute of limitations anew as to it (*see Saljanin v Vuksanaj,* 284 AD2d 525, 526; *Skaneateles Sav. Bank v Modi Assoc.,* 239 AD2d 40, 42), such interest payments could extend the statute of limitations as against the Weiss defendants only if Quality made such payments as an agent of the Weiss defendants (*see Peoples Trust Co. of Malone v O'Neil,* 273 NY 312, 315; *Chemical Bank N.Y. Trust Co. v Amory,* 27 AD2d 730, *affd* 21 NY2d 832; *Park Assoc. v Crescent Park Assoc.,* 159 AD2d 460, 462). There is no evidence that Quality made the interest payments as an agent of the Weiss defendants (*see Park Assoc. v Crescent Park Assoc.,* 159 AD2d 460).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Smith, Friedmann and Adams, JJ., concur.