■ Joseph P. Shelley, Jr., Appellant, v Madeleine M. Shelley, Respondent. [749 NYS2d 431] —In an action to recover on a promissory note, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), entered December 13, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated January 4, 2002, which dismissed the complaint. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On September 7, 2000, the plaintiff commenced the instant action to recover on a demand note executed by the defendant's decedent on April 30, 1990. The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as time-barred. Because this was a demand note, the applicable six-year statute of limitations (*see* CPLR 213 [2]) began to run from the date of execution of the note (*see* *Phoenix Acquisition Corp. v Wickwire*, 81 NY2d 138, 143; *Pomaro v Quality Sheet Metal*, 295 AD2d 416, 418). Contrary to the plaintiff's contention, he presented insufficient evidence to raise a question of fact as to whether the statute of limitations was tolled (*cf.* General Obligations Law § 17-101; *Skaneateles Sav. Bank v Modi Assoc.*, 239 AD2d 40; *Bernstein v Kaplan*, 67 AD2d 897). Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.