■ EDUCATION RESOURCES INSTITUTE, INC., Appellant, v JOHN S. PIAZZA, Respondent. [794 NYS2d 65]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered October 29, 2002, which denied its motion for summary judgment and, upon searching the record, granted summary judgment to the defendant dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The defendant is an attorney and resident of this state who, on or about April 1, 1992, executed a promissory note in the amount of $14,500 (hereinafter the first note) payable to the Ameritrust Company National Association (hereinafter Ameritrust), an Ohio entity, pursuant to its "Law Access" student loan program. On or about November 20, 1992, the defendant executed a second promissory note payable to Ameritrust in the amount of $15,000. Each note contained an Ohio choice-of-law provision.

On or about January 25, 1994, the defendant defaulted on the loans, and on July 12, 1994, Ameritrust assigned the notes to the plaintiff, a Massachusetts corporation. On or about August 23, 2001, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. On October 21, 2002, the Supreme Court denied the plaintiff's motion for summary judgment and, upon searching the record, granted summary judgment to the defendant dismissing the complaint as time-barred.

"[U]nder common-law rules matters of procedure are governed by the law of the forum" (*Martin v Dierck Equip. Co.*, 43 NY2d 583, 588 [1978]). "On the other hand, matters of substantive law fall within the course chartered by choice of law analysis" (*Tanges v Heidelberg N. Am.*, 93 NY2d 48, 53 [1999]). New York courts therefore apply contractual choice of law clauses only to substantive issues (*see Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 397 [1977]).

Contrary to the plaintiff's contention, the Supreme Court cor-

rectly concluded that Ohio's 15-year statute of limitations (*see* Ohio Rev Code § 2305.06) did not constitute a statute of repose and is not a substantive law for purposes of New York choice-of-law-analysis (*see Tanges v Heidelberg N. Am., supra; Portale v Berkshire Condominium Owners Assoc.,* 1994 WL 568332, 1994 Ohio App LEXIS 4635 [8th Dist, Oct. 13, 1994]; *Board of Educ. of Cleveland City School Dist. v URS Co.,* 1994 WL 520862, 1994 Ohio App LEXIS 4201 [8th Dist, Sept. 22, 1994]; *Richards v Gold Circle Stores, Div. of Federated Dept. Stores, Inc.,* 28 Ohio App 3d 39, 501 NE2d 670 [1986]; *Board of Educ. of Parma City School Dist. v Lesko Assoc., Architects,* 1986 WL 697, 1986 Ohio App LEXIS 5231 [8th Dist, Jan. 9, 1986]). Thus, under New York choice-of-law rules, the Ohio statute is therefore inapplicable to this action which is governed by the six-year statute of limitations set forth in CPLR 213 (*see Tanges, supra; cf. Blatz v Westinghouse Elec. Corp.,* 274 AD2d 491 [2000]). In addition, the plaintiff does not receive any benefit from CPLR 202, the "borrowing statute," since "[w]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitations periods of both New York and the jurisdiction where the cause of action accrued" (*Global Fin. Corp. v Triarc Corp.,* 93 NY2d 525, 528 [1999]; *see Proforma Partners v Skadden Arps Slate Meagher & Flom,* 280 AD2d 303 [2001]).

"In order that a part payment shall have the effect of tolling a time-limitation period, under the statute or pursuant to contract, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Lew Morris Demolition Co. v Board of Educ. of City of N.Y.,* 40 NY2d 516, 521 [1976]). The circumstances of such a payment may be proven by extrinsic evidence (*see Bernstein v Kaplan,* 67 AD2d 897, 898 [1979]). For example, copies of cancelled checks and accompanying memoranda, the debtor's books and records or an admission may demonstrate partial payment and a desire to remit the remaining sum (*see Roth v Michelson,* 55 NY2d 278, 282 [1982]; *Costantini v Bimco Indus.,* 125 AD2d 531 [1986]; *Bernstein v Kaplan, supra* at 898).

The purported payments relied upon by the plaintiff are, however, inadequate for this purpose. The computer-generated repayment ledger it submitted recites four reported payments, as to the first note alone, prior to the expiration of the applicable six-year statute of limitations. The initial two payments

(i.e., $1,000 on January 24, 1995, and $100 on February 28, 1995) were allegedly received from the plaintiff's collection agent, Zwicker & Associates. The remaining two payments (i.e., $35.41 each for interest payments on November 30, 1998, and December 30, 1998) are attributed to Hancock Bank. The record is devoid of any admissible evidence that these purported payments emanated from either the defendant, his authorized agent, or an account under his custody and control under circumstances from which an intent to pay the balance may be inferred. More specifically, computer printouts are admissible as business records if the data was stored in the normal course of business (see CPLR 4518 [a]; *Ed Guth Realty v Gingold,* 34 NY2d 440, 451-452 [1974]; *Schneider Fuel Oil v DeGennaro,* 238 AD2d 495 [1997]; *Matter of Thomma,* 232 AD2d 422 [1996]). The plaintiff's motion was, however, unsupported by an affidavit from an individual with personal knowledge as to the care and maintenance of the repayment ledger. Conversely, the defendant submitted an affidavit wherein he explicitly denied making the disputed payments and contested the accuracy of the ledger (cf. *Guth, supra* at 452). Nor did the plaintiff submit an affidavit from either a representative of its agent, Zwicker & Associates, or an officer or employee of Hancock Bank. Since, moreover, the disputed payments were reportedly received from third parties, this information was not uniquely within the defendant's custody and control (see CPLR 3212 [f]). Accordingly, contrary to our dissenting colleagues, we conclude that the plaintiff presented insufficient evidence to raise a triable issue of fact as to whether the statute of limitations was tolled (see *Shelley v Shelley,* 299 AD2d 405, 406 [2002]; *Saini v Cinelli Enters.,* 289 AD2d 770, 771 [2001]; cf. *New York State Higher Educ. Servs. Corp. v Muson,* 117 AD2d 947 [1986]). Adams, J.P., S. Miller and Smith, JJ., concur.

Goldstein, J., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provisions thereof, which, upon searching the record, granted summary judgment to the defendant dismissing the complaint, and as so modified, to affirm, with the following memorandum in which Luciano, J. concurs: In the instant action, the plaintiff seeks to recover student loans provided for law school tuition from the defendant, who is an attorney licensed to practice in the State of New York. The promissory note in issue states that it "will be governed by Federal laws and the laws of the State of Ohio." At issue on this motion for summary judgment is whether the action was barred by the applicable statute of limitations.

On appeal the plaintiff abandoned its argument that federal

statutory law applies in this case (*see generally O'Hara v Bayliner,* 89 NY2d 636, 645 [1997], *cert denied* 522 US 822 [1997]) and relies upon the Ohio statute of limitations for breach of contract actions, which is 15 years (*see* Ohio Rev Code § 2305.06). There is no doubt that the majority is correct in stating that pursuant to New York statutory law (*see* CPLR 202) this Court must apply the shorter six-year New York statute of limitations to this action (*see* CPLR 213). Further the provision of the promissory notes cannot be deemed valid agreements to apply a longer statute of limitations (*see* General Obligations Law § 17-103; *Bayridge Air Rights v Blitman Constr. Corp.,* 80 NY2d 777 [1992]).

However, in my opinion, the record clearly indicates that there is an issue of fact as to whether the defendant made payments within six years of the commencement of the instant action on August 23, 2001, thereby extending the statute of limitations and warranting further proceedings herein.

The plaintiff submitted business records which were previously forwarded to the defendant in response to the defendant's demand for production of documents. Those records indicated that four payments were made within the six-year statute of limitations, two from Zwicker & Associates for $1,000 and $100 respectively, and two for $35.41 each from the Hancock Bank on or about November 30, 1998, and December 30, 1998 respectively.

The general rule is that a debtor's partial payment of either principal or interest renews the statute of limitations and starts the six-year period running anew (*see Skaneateles Sav. Bank v Modi Assoc.,* 239 AD2d 40, 42 [1998]). This evidence established that there was an issue of fact which precluded the granting of summary judgment (*see Stabulas v Brooks Piece Dye Works Corp.,* 111 AD2d 803 [1985]).

In opposition to the plaintiff's motion, the defendant asserted, without explanation, that the plaintiff's claim that payments were made within six years prior to the commencement of the action was "absolutely untrue" and made with an intent to mislead the court. Based upon this conclusory assertion, the Supreme Court searched the record and granted summary judgment to the defendant on the ground that "recovery of interest from Hancock Bank accounts of $3541 [*sic*] on December 30, 1998 [did not] suffice to take the action out of the operation of the statute of limitations." The Supreme Court made no reference to the other three payments.

The majority asserts that the defendant was entitled to judgment as a matter of law on the ground that the plaintiff failed

to submit an affidavit from an individual with personal knowledge as to the care and maintenance of the repayment ledger. On a motion for summary judgment, a movant's failure to establish a foundation for documentary evidence is sufficient to deny summary judgment on the ground that the movant has failed to establish entitlement to judgment as a matter of law (*see Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531, 532 [1997]). However, the issue here is not whether the plaintiff could have established its entitlement to judgment as a matter of law. Rather, the issue is whether there was a triable issue of fact which precluded the Supreme Court from searching the record and granting summary judgment to the defendant.

Further, the majority contends that the defendant is entitled to judgment as a matter of law on the ground that the plaintiff failed to submit evidence that the payments were made voluntarily from an account under the defendant's custody and control from which an intent to pay the balance may be inferred. Since the defendant contended that no payments were made at all, the question of whether the payments were voluntarily made from an account under the defendant's custody and control was not before the Supreme Court. Whether the claim of partial payment was "true" was a triable issue of fact.

In any event, since the information regarding whether the partial payments were made voluntarily by the defendant or his authorized agent, was uniquely within the defendant's knowledge, that, in and of itself, was grounds to deny summary judgment (*see Skaneateles Sav. Bank v Modi Assoc., supra; see e.g., Baron v Incorporated Vil. of Freeport,* 143 AD2d 792, 793 [1988]).

In view of the foregoing, there was no basis on this record to grant the defendant summary judgment at this juncture.