■ EDUCATION RESOURCES INSTITUTE, INC., Appellant, v MICH-ELLE HUGHES, Respondent. [848 NYS2d 538]—In an action, inter alia, to recover on a promissory note, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated October 25, 2006, as denied that branch of its motion which was to vacate so much of a prior order of the same court dated June 1, 2006, as granted the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), upon its default in responding to that motion.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

To be entitled to vacatur of the order entered upon its default, the plaintiff was required to make a showing, by way of admissible proof, inter alia, that it had a meritorious cause of action and that the action was not barred by the statute of limitations (*see e.g. White v Incorporated Vil. of Hempstead*, 41 AD3d 709, 710 [2007]; *Education Resources Inst., Inc. v Piazza*, 17 AD3d 513, 514-515 [2005]). However, the proof the plaintiff offered in support thereof, two conclusory affidavits by Warren Moore and computer printouts purporting to be the plaintiff's records, was inadmissible (*see* CPLR 4518 [a]; *cf. People v Cratsley*, 86 NY2d 81, 89 [1995]; *Federal Express Corp. v Federal Jeans, Inc.*, 14 AD3d 424, 424-425 [2005]; *Matter of Thomma*, 232 AD2d 422 [1996]). Since the plaintiff failed to offer the required proof in admissible form, the Supreme Court did not err in denying that branch of its motion which was to vacate so much of the prior

order dated June 1, 2006, as granted the defendant's cross motion to dismiss the complaint.

In light of this determination, we need not reach the parties' remaining contentions. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.