■ PORTFOLIO RECOVERY ASSOCIATES, LLC, Respondent, v JARED KING, Appellant. [866 NYS2d 395]—

Carpinello, J. Appeal from an order of the Supreme Court (Pulver, Jr., J.), entered May 9, 2007 in Greene County, which granted plaintiff's motion for, among other things, summary judgment.

Plaintiff, as assignee of Discover Bank, brought this action for breach of contract and account stated to recover $8,514.77, the claimed balance due on a credit card issued to defendant. In a pro se answer, defendant did not deny many of the essential allegations of the complaint and, in fact, admitted that he had not made a payment on his Discover card since December 19, 1998 and that an outstanding balance existed. He also purported to assert numerous affirmative defenses and counterclaims. The crux of these defenses is defendant's claim that plaintiff lacked standing to sue and that the statute of limitations barred this action.

Plaintiff thereafter moved for summary judgment for the relief demanded in the complaint and dismissal of all affirmative defenses and counterclaims. In support of this motion, plaintiff submitted an affidavit from an agent of Discover stating that defendant owed $8,514.77 on his account and that no part of this sum had been paid or satisfied. Plaintiff also submitted affidavits evidencing the assignment to it of the claim and copies of account statements and defendant's original application. At issue on appeal is an order of Supreme Court which granted plaintiff's motion. We affirm.

Contrary to defendant's contention, we find that plaintiff tendered sufficient proof demonstrating that Discover assigned its interest in defendant's debt to it prior to the commencement of this action such that plaintiff has standing to sue (cf. *Rockland Lease Funding Corp. v Waste Mgt. of N.Y.*, 245 AD2d 779 [1997]). Moreover, aside from asserting mere surmise

concerning the status of one of the affiants detailing the assignment, defendant wholly failed to challenge plaintiff's documentation establishing the assignment. Thus, Supreme Court did not err in dismissing the affirmative defense alleging lack of standing to sue.

Next, defendant argues that the limitations period for plaintiff's claim is governed by Delaware law, which provides a three-year statute of limitations for such claims (see Del Code Ann, tit 10, § 8106); therefore, the argument continues, this action is time-barred. Even though the credit card agreement between Discover and defendant contained a Delaware choice of law provision, Delaware's shorter statute of limitations does not apply. Under New York choice of law principles, contractual choice of law provisions only apply to substantive issues; New York follows its own procedural rules (see Martin v Dierck Equip. Co., 43 NY2d 583, 588 [1978]; Education Resources Inst., Inc. v Piazza, 17 AD3d 513 [2005]; Ground to Air Catering v Dobbs Intl. Servs., 285 AD2d 931, 932 [2001]). "In New York, [s]tatutes of [l]imitation are generally considered procedural because they are [v]iewed as pertaining to the remedy rather than the right" (Tanges v Heidelberg N. Am., 93 NY2d 48, 54-55 [1999] [internal quotation marks and citation omitted]; see Education Resources Inst., Inc. v Piazza, 17 AD3d at 514). Applying New York law, the instant action was timely.

Defendant's remaining contentions, to the extent properly before this Court, have been considered and found to be unavailing.

Cardona, P.J., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.