NIELSEN COMPANY (US), LLC, Doing Business as NIELSEN MEDIA RESEARCH, Respondent, v HUDSON RIVER GROUP, INC., Appellant. [985 NYS2d 623]—

In an action for specific performance of a contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Scheinkman, J.), dated December 3, 2012, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered January 29, 2013, which, upon the order, is in favor of the plaintiff and against it directing specific performance of the subject contract.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In November 2004, the parties entered into an agreement regarding the defendant's use of certain media-rating information to which the plaintiff holds exclusive copyright. This agreement was to be construed under Illinois law, and provided, inter alia, that the defendant would provide the plaintiff with semi-annual disclosures from those of the defendant's clients who submitted media-rating information to the defendant. In addition, the plaintiff could demand that the defendant submit to an audit to ensure compliance with the plaintiff's licensing requirements. In mid-2010, the plaintiff requested an audit for 2009, but the defendant refused to submit to an audit unless and until it received consent from its clients as to the disclosure of confidential client information. The parties continued to work towards a resolution whereby the plaintiff could audit the defendant while protecting the confidentiality of the defendant's clients.

When the parties failed to agree, the plaintiff commenced this action demanding specific performance. In its answer, the defendant asserted that the plaintiff had either waived strict compliance with the audit provision or that the parties had modified the audit requirements. Prior to the commencement of discovery by either party, the plaintiff moved for summary judgment on the complaint. The defendant opposed the motion, arguing that the plaintiff had waived or modified the audit provision. The Supreme Court granted the plaintiff's motion, and subsequently entered judgment in the plaintiff's favor.

"New York courts . . . apply contractual choice of law clauses only to substantive issues" (*Education Resources Inst., Inc. v Piazza*, 17 AD3d 513, 513 [2005]; *see Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 397 [1977]). Here, the issues of waiver and modification of the subject contract provision are substantive in nature, and should be determined under Illinois law (*see Kuzma v Protective Ins. Co.*, 104 AD3d 820, 820-821 [2013]; *Matter of Frankel v Citicorp Ins. Servs., Inc.*, 80 AD3d 280, 286-287 [2010]). Under Illinois law, extrinsic evidence of prior or contemporaneous agreements or understandings is not admissible to vary or add to terms that are complete and clear (*see E.A. Cox Co. v Road Savers Intl. Corp.*, 271 Ill App 3d 144, 152, 648 NE2d 271, 277 [1995]). However, "extrinsic evidence is admissible to show a subsequent oral agreement which modifies the terms of a written contract or to show that a provision of a written contract has been waived" (*id.*). Where extrinsic evidence is considered to show that a contract has been modified or a provision waived, the question of the final agreement of the parties is usually one of fact for a jury to determine (*see id.*).

"[I]f, after consideration of the extrinsic evidence, the court determines that reasonable [people] could reach only one conclusion, the issue can be decided by the court as a matter of law" (*E.A. Cox Co. v Road Savers Intl. Corp.*, 271 Ill App 3d at 152, 648 NE2d at 277-278; *see Midway Park Saver v Sarco Putty Co.*, 976 NE2d 1063, 1072, 2012 IL App [1st] 110849, ¶ 22 [2012]).

Here, in opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law, the defendant raised a triable issue of fact as to whether the plaintiff, by virtue of its conduct during the period from December 2004 through mid-2010, led the defendant to reasonably believe that strict compliance with the audit provision of the parties' contract would not be required and, as a result, impliedly waived its right to require strict compliance with that provision (*see In re Liquidation of Inter-American Ins. Co. of Ill.*, 329 Ill App 3d 606, 618-619, 768 NE2d 182, 193 [2002]; *Wolfram Partnership, Ltd. v LaSalle Natl. Bank*, 328 Ill App 3d 207, 223-225, 765 NE2d 1012, 1025-1026 [2001]). Accordingly, the plaintiff's motion should have been denied.

The defendant's remaining contentions need not be reached in light of our determination. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.