■ Tuthill Finance, Appellant, v Theophine Abakporo, Respondent, and Latanya Peirce et al., Defendants. [32 NYS3d 600]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated June 9, 2014, which, in effect, granted the motion of the defendant Theophine Abakporo to vacate an order of the same court dated December 13, 2013, granting the plaintiff's unopposed motion, inter alia, to amend a judgment of foreclosure and sale dated November 15, 2012, and, thereupon, to deny the plaintiff's motion, and, sua sponte, directed the dismissal of the complaint in its entirety for failure to join a necessary party.

Ordered that, on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint in its entirety for failure to join a necessary party is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated June 9, 2014, is reversed, on the law, with costs, and the motion of the defendant Theophine Abakporo to vacate the order dated December 13, 2013, granting the plaintiff's unopposed motion, inter alia, to amend the judgment of foreclosure and sale dated November 15, 2012, and, thereupon, to deny the plaintiff's motion, is denied.

In 2007, the defendants Theophine Abakporo and Latayna Peirce executed a note in favor of the plaintiff promising to repay a loan in the amount of $400,000, which was secured by a mortgage covering two properties: one located in Queens and another located in Brooklyn. After Abakporo and Peirce defaulted on the note, the plaintiff commenced this action to foreclose the mortgage. Abakporo appeared in the action by moving for affirmative relief, but Peirce did not appear in the action. A judgment of foreclose and sale was subsequently entered. Thereafter, Peirce moved to vacate the judgment of foreclosure and sale against her and to dismiss the complaint insofar as asserted against her. Following a hearing to determine the validity of service of process, the Supreme Court rendered a decision stating that "the cause of action or causes of action against defendant Latanya Peirce are dismissed for lack of personal jurisdiction." In an order dated April 9, 2013, the court vacated the judgment of foreclosure and sale and directed the dismissal of the action "in accordance with the decision dictated on the record."

The plaintiff then moved, inter alia, to amend the judgment

of foreclosure and sale to delete reference to the Brooklyn property and to delete Peirce as a defendant. In his supporting affirmation, the plaintiff's counsel referenced the order dated April 9, 2013, and stated that the Brooklyn property was owned by Peirce and that the Queens property was owned by Abakporo. Abakporo did not oppose the motion, and in an order dated December 13, 2013, the Supreme Court granted the motion. Abakporo subsequently moved to vacate the order dated December 13, 2013, and, thereupon, to deny the plaintiff's motion. In an order dated June 9, 2014, the Supreme Court, in effect, granted Abakporo's motion. The court also, sua sponte, directed the dismissal of the complaint in its entirety on the ground that Peirce was a necessary party. The plaintiff appeals.

Abakporo failed to demonstrate, by way of admissible proof (*see Education Resources Inst., Inc. v Hughes*, 47 AD3d 613 [2008]), a reasonable excuse for his default in opposing the plaintiff's motion (*see* CPLR 5015 [a] [1], [4]). Therefore, his motion to vacate the order dated December 13, 2013, and, thereupon, to deny the plaintiff's motion, should have been denied (*see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980 [2015]; *BAC Home Loans Servicing, LP v Parone*, 126 AD3d 923 [2015]; *Citibank [S.D.], N.A. v Baron*, 115 AD3d 901 [2014]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.