Aldrich v LNG Enters., Inc. (2023 NY Slip Op 05063)

Aldrich v LNG Enters., Inc.

2023 NY Slip Op 05063

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

634 CA 22-01469

[*1]BRIAN F. ALDRICH, PLAINTIFF-APPELLANT,
v
LNG ENTERPRISES, INC., DEFENDANT-RESPONDENT. 

WRIGHT CALIMERI, PLLC, JAMESTOWN (JOSEPH M. CALIMERI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
DAVID M. CIVILETTE, P.C., DUNKIRK (DAVID M. CIVILETTE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered September 8, 2022. The order, among other things, granted the motion of defendant insofar as it sought summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this breach of contract action, plaintiff seeks to collect on a promissory note, dated May 6, 2003, memorializing a $50,000 loan he had made to defendant, a closely held family corporation. At the time of the note, plaintiff and his four brothers each held a 10 percent interest in defendant; plaintiff's father held the remaining 50 percent interest. Plaintiff's father died in 2016, at which point plaintiff and his brothers each held a 20 percent interest in defendant. Defendant made payments to plaintiff under the note until September 10, 2009. On January 8, 2019, plaintiff commenced the underlying action due to defendant's nonpayment. Defendant subsequently moved, inter alia, for summary judgment dismissing the complaint as time-barred. Plaintiff appeals from an order that, among other things, granted defendant's motion. We affirm.
We conclude that Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the complaint inasmuch as defendant met its initial burden of showing that this action was commenced well after the expiration of the applicable six-year statute of limitations, and plaintiff failed to raise any triable issue of fact in opposition (see CPLR 213 [2]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "It is well established that a cause of action against a maker of a demand instrument accrues upon the date of the instrument" (Skaneateles Sav. Bank v Modi Assoc., 239 AD2d 40, 41 [4th Dept 1998], lv denied 92 NY2d 803 [1998]; see generally UCC 3-122 [1] [b]). Nonetheless, it is equally well established that the applicable statute of limitations is "renewed by partial payment of principal or interest . . . [, which has] the effect of an acknowledgment or new promise" to pay under the note (Skaneateles Sav. Bank, 239 AD2d at 42; see Mundaca Inv. Corp. v Rivizzigno, 247 AD2d 904, 906 [4th Dept 1998]). Here, defendant met its initial burden by submitting evidence that the note was created on May 6, 2003, and that it had last tendered payment under the note on September 10, 2009. Thus, because plaintiff's commencement of the action in January 2019 occurred more than six years after the last partial payment under the note, defendant established that the action is barred by the statute of limitations (see Skaneateles Sav. Bank, 239 AD2d at 41-42; see generally CPLR 213 [2]; Alvarez, 68 NY2d at 324).
We conclude that, in opposition, plaintiff failed to raise any triable issues of fact with respect to the statute of limitations defense (see generally Zuckerman, 49 NY2d at 562). Plaintiff [*2]specifically contends that there are questions of fact whether the complaint is time-barred based on evidence that, in 2010, he and defendant orally agreed to modify the accrual date of any cause of action to collect on the note to, at the very least, September 1, 2013. We reject that contention because the note expressly stated that no modification "shall be binding unless in writing," thereby precluding any oral modification thereof (see General Obligations Law § 15-301 [1]). Indeed, in circumstances such as these, "the [s]tatute of [f]rauds precludes an oral executory modification" (Ber v Johnson, 163 AD2d 817, 818 [4th Dept 1990]; see also Benderson Dev. Co. v Hallaway Props., 115 AD2d 339, 340 [4th Dept 1985], affd 67 NY2d 963 [1986]).
Additionally, we reject plaintiff's contention that, despite the applicable prohibition on oral modifications to the note, there are nonetheless triable issues of fact based on the doctrine of part performance and the parties' course of conduct (see generally Estate of Kingston v Kingston Farms Partnership, 130 AD3d 1464, 1465 [4th Dept 2015]). The doctrine of part performance removes the protection of the statute of frauds when one party to a written agreement " 'induc[es] or permit[s] without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter [the] situation and make the interposition of the statute against performance a fraud' " (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999], quoting Woolley v Stewart, 222 NY 347, 351 [1918]). "The doctrine of part performance may be invoked only if [the party's] actions can be characterized as 'unequivocally referable' to the agreement alleged" (Anostario v Vicinanzo, 59 NY2d 662, 664 [1983]; see Aegis Group, 93 NY2d at 235; Congdon v Everett, 63 AD3d 1541, 1542 [4th Dept 2009]). To meet that standard, the party's "actions alone must be 'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement" (Anostario, 59 NY2d at 664, quoting Burns v McCormick, 233 NY 230, 232 [1922]).
Here, we conclude that plaintiff's submission in opposition did not raise any issues of fact with respect to the application of the doctrine of part performance inasmuch as plaintiff failed to show that his actions in forbearing collection on the note were explainable only with reference to the purported oral modification of the note (see Anostario, 59 NY2d at 664). Indeed, plaintiff's own submissions supply "other explanations" for his conduct (Carlin v Jemal, 68 AD3d 655, 656 [1st Dept 2009]; see Carey & Assoc. v Ernst, 27 AD3d 261, 264 [1st Dept 2006]). Specifically, plaintiff's submissions allow for the inference that his forbearance in collecting on the note was explainable by his self-interest as a part owner of defendant, as well as by "the parties' familial relationship" (Alayoff v Alayoff, 112 AD3d 564, 566 [2d Dept 2013], lv dismissed 24 NY3d 945 [2014]).
We have considered plaintiff's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court