■ VALUABLE HOLDING CORP., Respondent, v MIDTOWN VAULT CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 26, 1984, which granted defendant Midtown Vault Corp.'s motion for summary judgment as to the second cause of action and denied its motion as to the first cause of action, unanimously modified, on the law, to reverse the grant of summary judgment on the second cause of action and to reinstate that claim, and otherwise affirmed, without costs.

Plaintiff diamond dealer stored valuable goods in a safe-deposit box it leased in a vault owned by defendant Midtown Vault Corp. In this action plaintiff seeks to recover damages for the loss of valuable goods from this box, several days after it first rented it. The second cause of action alleges that the loss was caused by the gross negligence of Midtown in that Midtown employed one Abraham Ticknor as a security guard even though it had actual notice that Ticknor had allegedly misappropriated goods of others from the vault.

Defendant was granted summary judgment dismissing this cause of action on the basis of an exculpatory clause in plaintiff's vault box rental contract which provides that the lessee releases Midtown from any claims of loss arising out of ordinary negligence.

While such exculpatory clauses are enforceable, they are subject to strict judicial scrutiny. The clause is valid only to the extent that it releases defendant from liability for ordinary negligence, according to its terms, and the courts will not enforce an agreement to the extent that it purports to grant an exemption from liability for willful or grossly negligent

acts. *(Gross v Sweet,* 49 NY2d 102, 106; *see also, Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385; *Graphic Scanning Corp. v Citibank,* 116 AD2d 22.)

Inasmuch as plaintiff alleges that Midtown's continued employment of Ticknor as a security guard in charge of the vault in light of its knowledge of his alleged prior conversions would constitute conduct so reckless as to be deemed "gross negligence", the exculpatory clause is inoperative and summary judgment should have been denied.

We have examined the other points raised on this appeal and cross appeal and find them without merit. Concur—Kupferman, J. P., Sullivan, Lynch, Rosenberger and Ellerin, JJ.