In 2001 the plaintiff entered into a contract with the defendant pursuant to which the defendant was required to install and monitor a burglar and fire alarm system in the plaintiffs residence. The system included glass-break detectors on windows in the first-floor library of the residence, which, when a window is broken, transmit a signal. The contract between the plaintiff and the defendant contained a provision exculpating and limiting the liability of the defendant for its ordinary negligence in the event of loss. In 2006 the defendant inspected the system and replaced magnets on several of the windows, but did not test the glass-break detectors on the windows. On November 15, 2007, a burglar purportedly gained entrance to the plaintiffs residence by breaking a window in the library, but no signal was transmitted to the defendant. The defendant’s owner then determined that the broken window had an ultraviolet coating which hampered the effectiveness of the glass-break detector. The defendant’s owner had no previous knowledge that ultraviolet coating could hamper the effectiveness of the glass-break detector. The plaintiff commenced this action against the defendant asserting causes of action to recover damages for ordinary negligence, gross negligence, breach of contract, breach of warranty, and fraud. The defendant moved for summary judgment dismissing the complaint.
*801 The Supreme Court should have granted those branches of the defendant’s motion which were for summary judgment dismissing the causes of action alleging ordinary negligence, breach of contract, breach of warranty, and fraud. The defendant established, prima facie, that the causes of action alleging ordinary negligence, breach of contract, and breach of warranty are barred by the exculpatory and limitation of liability provisions in the contract (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993]; Sommer v Federal Signal Corp., 79 NY2d 540, 554 [1992]; Golden Stone Trading, Inc. v Wayne Electro Sys., Inc., 67 AD3d 731, 732 [2009]; Aphrodite Jewelry v D&W Cent. Sta. Alarm Co., 256 AD2d 288, 289 [1998]). The defendant further established that the cause of action alleging fraud was duplicative of the breach of contract cause of action (see Kaufman v Torkan, 51 AD3d 977, 980 [2008]; Ross v DeLorenzo, 28 AD3d 631, 636 [2006]; Weitz v Smith, 231 AD2d 518, 519 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging gross negligence. The exculpatory and limitation of liability provisions of the contract are unenforceable against a claim of gross negligence (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d at 823-824; Sommer v Federal Signal Corp., 79 NY2d at 550-553). Further, the evidence submitted by the defendant did not eliminate triable issues of fact regarding whether the defendant acted with gross negligence in installing and monitoring the alarm system (see Sommer v Federal Signal Corp., 79 NY2d at 555; Federal Ins. Co. v Automatic Burglar Alarm Corp., 208 AD2d 495, 496 [1994]; Gentile v Garden City Alarm Co., 147 AD2d 124, 131 [1989]).
The defendant’s remaining contention is without merit. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.