Elbayoumi v TD Bank, N.A. (2020 NY Slip Op 03895)





Elbayoumi v TD Bank, N.A.


2020 NY Slip Op 03895


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-13596
 (Index No. 518938/17)

[*1]Marwa Elbayoumi, respondent-appellant, 
v
TD Bank, N.A., appellant-respondent, et al., defendants.


McGuireWoods LLP, New York, NY (Jeffrey J. Chapman, Lindsay Brandt Jakubowitz, and Katherine A. Garland of counsel), for appellant-respondent.
William Pager, Brooklyn, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant TD Bank, N.A., appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 30, 2018. The order, insofar as appealed from, denied the application of the defendant TD Bank, N.A., for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant TD Bank, N.A.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied the application of the defendant TD Bank, N.A., for summary judgment dismissing the complaint insofar as asserted against it is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the application of the defendant TD Bank, N.A., which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it, and substituting therefor a provision granting that branch of the application; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On October 23, 2014, the plaintiff, the defendant Mohamed Elfar, and nonparty Elham Soliman entered into a contract to lease a safe deposit box (hereinafter the safe deposit box contract), which incorporated by reference certain Safe Deposit Rules and Regulations, from the defendant TD Bank, N.A. (hereinafter the bank), at its Bay Ridge branch in Brooklyn. On May 27, 2017, the plaintiff went to the bank's Bay Ridge branch with a safe deposit box maintenance form allegedly bearing Elfar's signature consenting to his removal as a co-lessee of the safe deposit box (hereinafter the maintenance form). On June 14, 2017, Elfar, allegedly unaware that the plaintiff had attempted to remove him as a co-lessee, went to the bank's Bay Ridge branch and requested access to the safe deposit box. The bank allowed Elfar to access the safe deposit box, and he allegedly removed certain unspecified property. Later that day, Elfar opened two safe deposit boxes at the Fort Hamilton branch of the bank, to which the bank has since allegedly frozen access.
In October 2017, the plaintiff commenced this action alleging, inter alia, negligence, [*2]gross negligence, and willful misconduct against the bank for allowing Elfar to access the safe deposit box, without the plaintiff's permission, thereby causing her to lose unspecified personal belongings and possessions. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the bank, submitting, inter alia, her affidavit and a copy of the pleadings. By an affirmation of counsel, the bank opposed the plaintiff's motion and made an application for summary judgment dismissing the complaint insofar as asserted against it. In opposition to the plaintiff's motion and in support of its application, the bank submitted, inter alia, a copy of the safe deposit box contract and the Safe Deposit Rules and Regulations, a copy of the maintenance form, and an affidavit of an officer with the bank. In an order dated October 30, 2018, the Supreme Court denied the plaintiff's motion and the bank's application. The bank appeals from the denial of its application, and the plaintiff cross-appeals from the denial of her motion.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the bank's application for affirmative relief, even though the bank did not meet the requirements of CPLR 2215 (see Fried v Jacob Holding, Inc., 110 AD3d 56, 65). Furthermore, the court should have granted that branch of the bank's application which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against it.
"It is universally understood and accepted that a bank is authorized to rent safe-deposit boxes upon such terms and conditions as may be prescribed'" (Uribe v Merchants Bank of N.Y., 91 NY2d 336, 341, quoting Banking Law § 96[3][b]). "[A]n exculpatory provision ordinarily will be enforced when its language expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for the defendant's negligence" (Uribe v Merchants Bank of N.Y., 91 NY2d at 341 [internal quotation marks omitted]; see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d 675, 682).
Here, the bank established, prima facie, that the terms of the safe deposit box contract, which incorporated the Safe Deposit Rules and Regulations by reference, absolved the bank of liability for negligence (see Uribe v Merchants Bank of N.Y., 91 NY2d at 341; Valuable Holding Corp. v Midtown Vault Corp., 120 AD2d 356, 356; see also Greco v First Union Natl. Bank Corp., 267 AD2d 278, 278; cf. Chiacchia v National Westminster Bank, 124 AD2d 626, 628). The safe deposit box contract provided that the lessees "acknowledge(s) and agree(s) to the terms stated in this Lease and the Safe Deposit Box Rules & Regulations appearing on the second page of this form. Lessee(s) acknowledge(s) that he/she/they has/have read and received a copy of the Lease and the Safe Deposit Box Rules & Regulations." The Safe Deposit Rules and Regulations provided, inter alia, that the lessees "assume[ ] all risks arising out of the storage of property in the safe deposit box (including but not limited to loss or damage due to . . . the negligence of the Bank), expressly waives every presumption of law that a loss shall have occurred through the negligence of the Bank and agrees that Bank shall not be liable for any loss sustained by Lessee(s)."
In opposition, the plaintiff failed to raise a triable issue of fact with respect to the bank's liability for negligence. The plaintiff's contentions that there was no evidence that she actually received the Safe Deposit Rules and Regulations and that the maintenance form superseded the safe deposit box contract are improperly raised for the first time on appeal (see e.g. JPMorgan Chase Bank, N.A. v Escobar, 177 AD3d 721).
However, we agree with the Supreme Court's determination to deny those branches of the bank's application which were for summary judgment dismissing the remainder of the complaint insofar as asserted against it. The exculpatory provision of the parties' agreement was unenforceable against claims of gross negligence and willful misconduct (see Lenoci v Secure Alarm Installations, LLC, 97 AD3d 800, 801; Federal Ins. Co. v Honeywell, Inc., 243 AD2d 605, 606; Valuable Holding Corp. v Midtown Vault Corp., 120 AD2d at 356-357; see also Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384-385; Educational Ctr. for New Ams., Inc. v 66th Ave. Realty Co., 131 AD3d 442, 444). The evidence submitted by the bank did not eliminate triable issues of fact as to whether it was grossly negligent or committed willful misconduct in allowing Elfar to access the safe deposit box, despite possessing the maintenance form allegedly bearing his signature consenting to his removal as a co-lessee of the safety deposit box (see Sommer v Federal [*3]Signal Corp., 79 NY2d 540, 555; Lenoci v Secure Alarm Installations, LLC, 97 AD3d at 801; Valuable Holding Corp. v Midtown Vault Corp., 120 AD2d at 356-357).
We agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the complaint insofar as asserted against the bank, since, as described above, the parties' agreement absolved the bank of liability for negligence, and there were triable issues of fact as to whether the bank's conduct constituted gross negligence or willful misconduct (see Sommer v Federal Signal Corp., 79 NY2d at 555; Lenoci v Secure Alarm Installations, LLC, 97 AD3d at 801; Valuable Holding Corp. v Midtown Vault Corp., 120 AD2d at 356-357).
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.

2018-13596 DECISION & ORDER ON MOTION
Marwa Elbayoumi, respondent-appellant, v TD Bank,
N.A., appellant-respondent, et al., defendants.
(Index No. 518938/17)

Motion by the respondent-appellant, inter alia, to dismiss an appeal from an order of the Supreme Court, Kings County, dated October 30, 2018, on the ground that the portion of the order which is the subject of the appeal is not appealable as of right and leave to appeal has not been granted. By decision and order on motion of this Court dated September 19, 2019, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is denied.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court