Mendez v Meyer (2021 NY Slip Op 50034(U))

[*1]

Mendez v Meyer

2021 NY Slip Op 50034(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1095 K C

Carmen L. Mendez, Appellant, 
against
Franklin N. Meyer, Respondent. 

Carmen L. Mendez, appellant pro se.
Franklin N. Meyer, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carolyn
Walker-Diallo, J.), entered April 3, 2019. The judgment, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is affirmed, without costs.
In this breach of contract action, plaintiff seeks a refund of $19,330.70 in attorney's fees she
paid defendant. In his answer, defendant denied liability. Following a nonjury trial, the Civil
Court dismissed the complaint. 
At the trial, it was established that plaintiff had previously been employed by the New York
City Department of Education (DOE) as a schoolteacher and that, following her termination, she
had engaged an attorney in her attempt to be reinstated. After plaintiff's original attorney was
convicted of embezzlement, plaintiff retained defendant in August 2017 to represent her and
signed a retainer agreement which defendant had prepared. The parties' retainer agreement
limited the services defendant would provide thereunder "to reviewing the material and
information you have and will be furnishing and advising you as to merits and possible future
steps regarding NYC Dept of Education." Over the course of approximately five months,
defendant presented plaintiff with bills which detailed the work he had performed on plaintiff's
behalf, and which plaintiff paid. It was undisputed that plaintiff had paid defendant the net
amount of $19,330.70 for fees and disbursements.
In December 2017, defendant reported to plaintiff that, based on his investigatory work, he
believed he could assert a meritorious claim on plaintiff's behalf, although it would involve a lot
of work and there was no guarantee of success. Plaintiff told defendant that she wanted to
proceed with litigation. Defendant prepared a motion but informed plaintiff that she would need
to sign an additional retainer agreement before he would proceed. Plaintiff declined to sign an
[*2]additional retainer agreement and stopped speaking with
defendant by telephone. Defendant made several attempts to communicate with plaintiff,
following which he informed plaintiff that he would be closing her file in his office and
terminating their professional relationship. 
Upon a review of the retainer agreement plaintiff signed, we find that its terms were
unambiguous (see Law Offs. of J. Stewart Moore, P.C. v Trent, 124 AD3d 603, 603
[2015]). Plaintiff failed to establish that defendant had not performed in accordance with the
retainer agreement; nor did defendant's refusal to perform services that lay outside the scope of
the retainer agreement constitute a breach of contract. Since plaintiff failed to prove a prima facie
case, the Civil Court properly dismissed the complaint.
We do not consider those arguments raised by plaintiff for the first time on appeal (see
Elbayoumi v TD Bank, N.A., 185 AD3d 786, 788 [2020]), or any materials which are dehors
the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021