Municipal Credit Union v Ferguson (2021 NY Slip Op 50669(U))

[*1]

Municipal Credit Union v Ferguson

2021 NY Slip Op 50669(U) [72 Misc 3d 133(A)]

Decided on July 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2019-1777 K C

Municipal Credit Union, Respondent,
against
Daphne Ferguson, Appellant. 

Daphne Ferguson, appellant pro se.
Stern & Stern, P.C. (Elaine S. Tamsen of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered September 9, 2019. The order granted plaintiff's motion for
summary judgment.

ORDERED that the order is affirmed, without costs. 
Plaintiff commenced this action to recover damages for breach of contract and on an account
stated, alleging that defendant failed to pay the outstanding balance of $7,822.63 due on her
credit card account. The Civil Court granted plaintiff's motion for summary judgment.
Contrary to defendant's contention, it was not necessary for plaintiff to submit a signed copy
of a credit card agreement to prevail on its account stated cause of action, as an account stated is
independent of the original contractual obligation (see Citibank [S.D.], N.A. v Macarle, 11 Misc 3d 128[A], 2006 NY
Slip Op 50241[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; Capital One, FSB v
Spierer, 2002 NY Slip Op 50706[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2002]).

To the extent that defendant contends that the service of the summons and complaint was
improper, defendant waived any claim that the Civil Court lacked personal jurisdiction over her
in this action (see CPLR 3211 [e]). Defendant's remaining contentions are either without
merit or improperly raised for the first time on appeal (see Elbayoumi v TD Bank, N.A., 185 AD3d 786, 788 [2020]). We
note that we do not consider any materials which are dehors the record (see [*2]Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed. 
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 9, 2021